**INMATES OF the NEBRASKA PENAL AND CORRECTIONAL COMPLEX, Appellants/Cross-Appellees,**

v.

**John B. GREENHOLTZ et al., Appellees/Cross-Appellants.**

**Nos. 77–1284 and 77–1098.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 16, 1977.

Decided Dec. 13, 1977.

---

See also 8 Cir., 567 F.2d 1368.

John C. Gourlay, Lincoln, Neb., and Roy Haber, Native American Rights Fund, Boulder, Colo., for appellants/cross-appellees.

Ralph H. Gillan, Asst. Atty. Gen., argued, and Paul L. Douglas, Atty. Gen., on brief, Lincoln, Neb., for appellees/cross-appellants.

Before VAN OOSTERHOUT and MATTHES, Senior Circuit Judges, and STEPHENSON, Circuit Judge.

VAN OOSTERHOUT, Senior Circuit Judge.

This appeal and cross-appeal come to us from a decision of the United States District Court for the District of Nebraska. 436 F.Supp. 432 (1976).[1] On direct appeal a subclass of plaintiff inmates of the Nebraska Penal and Correctional Complex renew their claim that they are entitled to injunctive relief and damages against defendant members of the Nebraska Board of Parole because of an admittedly unconstitutional but now abandoned Board policy of refusing to consider otherwise eligible inmates for discretionary parole if the inmates had actions pending in court. On cross-appeal defendant Board members contest an award of $125.06 in certain legal expenses to plaintiffs. We affirm on direct appeal and on cross-appeal.

▮ The original complaint in this action was filed on November 13, 1972. At that time the Board had a long-standing policy of not considering an otherwise eligible inmate for discretionary parole if, at the time his parole status was reviewed, he had legal actions pending in the courts. In the fall of 1973 the Board abolished this policy on the ground that it interfered with the inmates' right to seek redress of grievances in the courts. The district court found no credible evidence that the policy continued or was reinstated thereafter and affirmatively found that the policy would not be applied in the future. In light of these findings, which are more than amply supported in the record, the court determined that injunctive relief was inappropriate. It reasoned:

> The defendants do not seriously attempt to justify their practice, but they argue that relief is not warranted because this practice has long since been discontinued. Since the evidence shows that the Board has discontinued this practice and that it will not be applied in the future, there is no threat of future irreparable injury and an injunction is, therefore, not necessary. *United States v. Oregon State Medical Society*, 343 U.S. 326, 333–34, 72 S.Ct. 690, 96 L.Ed. 978 (1952).

436 F.Supp. at 437. We agree.[2]

▮ Plaintiffs also seek money damages. The district court denied monetary relief on the alternative grounds that Board members enjoy absolute quasi-judicial immunity and, even if Board members enjoy only qualified immunity, there was no evidence of bad faith. 436 F.Supp. at 437 & n. 2. Major portions of the parties' briefs are devoted to the question of whether Board members enjoy absolute or only qualified immunity. We find no occasion to resolve that issue, however, for the district court correctly found no evidence of bad faith.

▮ Assuming without deciding that Board members enjoy only a qualified im-

1. We considered a separate appeal from this decision (by another subclass of plaintiff inmates) in *Inmates of the Nebraska Penal and Correctional Complex v. Greenholtz*, 567 F.2d 1368 (8th Cir. 1977). A brief statement of the procedural posture of both appeals is provided *id.* at 1370 n. 2.

 In the district court this action was consolidated with *McDonnell v. Greenholtz*, Civ. No. 73–L–150. No appeal has been taken in that case.

2. Plaintiffs protest that inmates are currently "chilled" from seeking access to the courts because they are not aware that the policy has been abandoned. The policy has been abandoned for four years. In any event, we fail to comprehend how any difficulties which yet persist would be better alleviated by an injunction than by simple communication, in writing if necessary, within the complex, that the policy has indeed been abandoned and will not be reinstated. It follows that any error by the district court in refusing to admit evidence of such chilling effect was harmless.

munity, we are guided by the principle enunciated in *Wood v. Strickland*, 420 U.S. 308, 322, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975), that defendants are not immune from. damages if they knew or should have known that the action they took would violate the constitutional rights of plaintiffs or if they took the action with the malicious intention to cause a deprivation of constitutional rights or other injury to plaintiffs. The sole bit of evidence which would arguably assist plaintiffs in meeting this test is the following testimony elicited from Board Chairman John B. Greenholtz:

Q. Now, during the time the policy of denying parole to persons with lawsuits pending in the courts was in effect, you knew, did you not, that inmates had a right of access to the courts, is that correct?

A. Yes, sir.

Q. And you also knew further, did you not, that it was improper for Parole Boards to in any way hinder or impede the action of any inmate in attempting to seek access to the courts, is that correct?

. * * * * * *

A. The Board never interfered with any individual's access to the courts.

Q. Well, I am not sure that that answers my question, Mr. Greenholtz. Let me restate it. I am inquiring whether you knew that it was improper for a Parole Board or Parole Board members to impede or hinder in any way any inmate's access to the courts?

A. Yes, I knew it was wrong.

This testimony establishes only that Greenholtz knew it was improper to hinder an inmate's access to the courts. It does not establish that he knew the Board's policy legally constituted such a hindrance. Indeed, his statement that "[t]he Board never interfered with any individual's access to the courts" indicates a conviction quite to the contrary. Plaintiffs' argument is fur-

ther undercut by the fact that the policy was discontinued when it became apparent the policy was unconstitutional. The district court's findings under *Wood v. Strickland* were not clearly erroneous. See Fed. R.Civ.P. 52(a). The denial of money damages is accordingly affirmed.

 Plaintiffs also seek recovery of attorney fees. The district court declined to grant such recovery, 436 F.Supp. at 443, and we find no abuse of discretion.

 On cross-appeal defendants contest an award to plaintiffs in the amount of $125.06 in certain legal expenses. The district court, citing our decision in *Parham v. Southwestern Bell Telephone Co.*, 433 F.2d 421 (8th Cir. 1970), and the Civil Rights Attorney's Fees Awards Act of 1976, Pub.L. No. 94–559, 90 Stat. 2641 (Oct. 19, 1976), reasoned:

In effect, the Board's policy would have been held unconstitutional but, as noted above, the policy was discontinued. Under these circumstances, the Court will consider the plaintiffs as prevailing parties for the purposes of awarding costs.

436 F.Supp. at 443. The court's reliance on *Parham* and the 1976 Act was correct. While it is true that the expenses were incurred *after* the challenged policy was abandoned, the date of abandonment was not conclusively established until trial.[3]

The judgment appealed from is affirmed both on direct appeal and on cross-appeal. Each party shall bear its own costs in this court.

Affirmed.

---

**3.** Defendants urge that a party immune from money damages is also immune from liability for the type of legal expenses awarded below. While this argument may be meritorious, the record does not disclose that it was raised in

the district court. It is well-settled that the issue cannot be raised for the first time on appeal. *Wilson v. United States*, 554 F.2d 893, 894 (8th Cir. 1977).