**Mark KIMBROUGH, Appellant,**

v.

**ARKANSAS ACTIVITIES ASSOCIATION, a private non-profit corporation, and Lee Cassiday, Executive Director, and the Board of Directors of the Schools of the Little Rock School District, Paul Fair, Superintendent of Schools, Appellees.**

**No. 77–1715.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 14, 1978.

Decided April 18, 1978.

John W. Walker, Walker, Kaplan & Mays, Little Rock, Ark., Sheila Phillips, Research Asst., filed brief for appellant.

Michael W. Mitchell, Little Rock, Ark., filed brief for appellee Ark. Activities Assn.

Robert V. Light, Little Rock, Ark., filed brief for appellee, Little Rock School Dist.

Before HEANEY and STEPHENSON, Circuit Judges, and BECKER, Senior District Judge.*

HEANEY, Circuit Judge.

Mark Kimbrough appeals from the District Court's denial of his motion for an award of attorney's fees pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. We reverse and remand.

Kimbrough, a black high school student, brought this suit under 42 U.S.C. §§ 1981

---

* The Honorable William H. Becker, Senior District Judge, Western District of Missouri, sitting by designation.

and 1983 in July, 1976, challenging a ruling by the Arkansas Activities Association (AAA) and its executive director which held him ineligible for interscholastic athletic competition during his senior year of high school. Kimbrough alleged that the AAA's "Eight Semester Rule"[1] was unconstitutional on its face and as applied to him in violation of the equal protection and due process guarantees of the Fourteenth Amendment. He sought declaratory relief and also temporary and permanent injunctive relief, enjoining the AAA and its executive director from prohibiting his participation in the Little Rock School District's Parkview High School football program.[2] The compliant also prayed for an award of costs including reasonable attorney's fees.

A hearing was held on Kimbrough's application for a temporary injunction on August 2, 1976. At the conclusion of the hearing, the court ruled that the "Eight Semester Rule" and attendant regulations were ambiguous and did not, in the court's judgment, prohibit Kimbrough from participating in interscholastic athletic competition for one more semester. The court, therefore, enjoined the AAA from denying Kimbrough eligibility for such competition through the fall semester of the 1976–1977 school year. Although the court stated that the injunction was granted *pendente lite,* it

also stated that its order was appealable because it effectively disposed of the case.[3] An order incorporating the trial court's ruling was issued on August 2, 1976.

On March 10, 1977, the District Court requested a report from the parties as to the status of the case. On March 16, 1977, Kimbrough's attorney informed the court that the plaintiff was willing to have the remaining portion of the case dismissed without prejudice. Kimbrough's attorney also stated that the plaintiff felt that an award of costs and attorney's fees was appropriate and that a letter or motion in support thereof would be submitted in the future. The defendants concurred in the voluntary dismissal of the remainder of the case; and on March 18, 1977, an order to that effect was entered by the District Court.

Kimbrough submitted a motion to tax costs, including attorney's fees, on May 20, 1977. After a response resisting this motion was filed by the defendants, Kimbrough submitted a memorandum to the trial court in support of his request. On July 29, 1977, the trial court awarded Kimbrough his costs but denied his request for attorney's fees.

Kimbrough then filed a motion for reconsideration of his request for attorney's fees, which was denied by the court in a memo-

---

1. This rule stated that "[A student] shall become ineligible for interschool contests after attending eight semesters in grades 9–12 inclusive; and further they shall be consecutive." Rule 8(b), Arkansas Activities Association Handbook, at page 25. The AAA ruled that Kimbrough, at the time of the suit, had attended eight semesters in grades 9–12 as defined by the rule and accompanying regulations, and declared him ineligible for further participation in interscholastic athletic competition. The effect of this ruling was to deny Kimbrough the right to participate in such activities during both semesters of his senior year.

2. Kimbrough also sought to compel officials of the Little Rock School District to "protect his right to fully participate in all of the activities of Parkview High School on the same basis as the other students." At the hearing which was held on Kimbrough's request for a temporary injunction, the District Court found that these defendants had, in fact, attempted to protect Kimbrough's rights and declined to issue any order against them. Since Kimbrough in no

way prevailed as to these defendants, the District Court held that he was not entitled to an award of attorney's fees against them under § 1988. We agree.

3. The trial court stated:

I am going to grant the injunction. I might say this is a hearing on the temporary injunction. The ruling I am making here, however, does not dispose of the case. It doesn't treat all of the other issues presented, but it simply says there is no rule prohibiting him from playing, and * * * without a rule, he is eligible to go out.

So I think you have a final appealable order on this issue and I am going to * * * enjoin the defendants, I guess *pendente lite,* on a temporary injunction; but it seems to me clearly an appealable order because it disposes of the entire matter unless the [plaintiff wants] to make a record with respect to other issues that we might take up.

randum order dated August 29, 1977. In denying Kimbrough's request for attorney's fees, the court first noted that Kimbrough's original motion to tax costs was not accompanied by a supporting memorandum of law as required by E.D.Ark.R. 8(b). The court went on to note that in the memorandum which Kimbrough later filed, he "failed to address the real issue presented by his request for attorney's fees, *i. e.,* whether an award of attorney's fees can be premised on successfully achieving interim relief rather than actually prevailing on the merits." Since Kimbrough cited no authority in support of an award of attorney's fees under these circumstances, the court concluded that his motion for reconsideration should be denied.

The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, provides in relevant part:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of this title, * * * the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

■ It is clear that Kimbrough was the prevailing party as against the AAA and its executive director. The relief which Kimbrough sought was the right to participate in the Parkview High School football program during the fall semester of his senior year. That relief was granted when the trial court enjoined the enforcement of the challenged rules and regulations on the ground that they were ambiguous and thus did not prohibit Kimbrough's participation in interscholastic athletic competition during the fall semester of his senior year. The fact that this relief was granted at a hearing on Kimbrough's request for a preliminary injunction does not change this result, since the injunction was granted as part of a final, appealable order which terminated the controversy. *Cf. Inmates of Neb. Penal & Correctional v. Greenholtz,* 567 F.2d 1381, 1384 (8th Cir. 1977) (voluntary discontinuance of challenged policy by defendants); *Brown v. Culpepper,* 559 F.2d 274, 277 (5th Cir. 1977) (litigation settled by voluntary agreement of the parties).

■ The more difficult question as to the applicability of the Act to the instant case is whether the fact that Kimbrough prevailed on a nonconstitutional ground renders the case inappropriate for a discretionary award of attorney's fees. Although the Act states that an award of fees may be made "[i]n any action or proceeding to enforce * * * sections 1981, 1982, 1983, 1985 and 1986 of this title," it does not squarely address the issue as to whether attorney's fees may be awarded when an action is brought under one of the enumerated sections but is decided on a nonconstitutional ground. A footnote to the Report of the House Judiciary Committee which accompanied the Act does, however, expressly approve of an award of fees under these circumstances:

> To the extent a plaintiff joins a claim under one of the statutes enumerated in [the Act] with a claim that does not allow attorney fees, that plaintiff, if it prevails on the non-fee claim, is entitled to a determination on the other claim for the purpose of awarding counsel fees. *Morales v. Haines,* 486 F.2d 880 (7th Cir. 1973). In some instances, however, the claim with fees may involve a constitutional question which the courts are reluctant to resolve if the nonconstitutional claim is dispositive. *Hagans v. Lavine,* 415 U.S. 528 [94 S.Ct. 1372, 39 L.Ed.2d 577] (1974). In such cases, if the claim for which fees may be awarded meets the "substantiality" test , *see Hagans v. Lavine, supra; United Mine Workers v. Gibbs,* 383 U.S. 715 [86 S.Ct. 1130, 16 L.Ed.2d 218] (1966), attorneys' fees may be allowed even though the court declines to enter judgment for the plaintiff on that claim, so long as the plaintiff prevails on the non-fee claim arising out of a "common nucleus of operative fact". *United Mine Workers v. Gibbs, supra* at 725 [86 S.Ct. 1130].

H.R.Rep.No. 1558, 94th Cong., 2d Sess. 4 n. 7 (1976).

Other courts which have considered this issue have followed this unambiguous expression of congressional intent. *See Seals v. Quarterly County Court, Etc.,* 562 F.2d 390, 393–394 (6th Cir. 1977); *Southeast Legal Defense Group v. Adams,* 436 F.Supp. 891, 884–895 (D.Or.1977). *See also Bond v. Stanton,* 555 F.2d 172, 174 (7th Cir. 1977).

The "substantiality" test to which the House Judiciary Committee refers is jurisdictional in nature. Before federal pendent jurisdiction can be exercised over a non-federal claim, the trial court must make the threshold determination that a substantial federal claim, arising from the same nucleus of operative fact, is raised by the allegations of the complaint. Without the existence of a substantial federal claim, no federal pendent jurisdiction over the non-federal claim exists. *Hagans v. Lavine,* 415 U.S. 528, 536–539, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974); *United Mine Workers v. Gibbs,* 383 U.S. 715, 722–725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Since the District Court in the instant case invoked jurisdiction and disposed of the case on non-federal grounds, it implicitly made the initial determination that the allegations of the complaint raised a substantial constitutional claim sufficient to confer jurisdiction. *See Hagans v. Lavine, supra,* 415 U.S. at 538, 94 S.Ct. 1372; *Edward Kuhn v. National Association of Letter Carriers,* 570 F.2d 757, 760 (8th Cir. 1978). We, therefore, conclude that the requirements for a discretionary award of attorney's fees as set forth by the House Judiciary Committee have been met.

Our determination that the Act was intended to encompass the instant case does not, of course, require an award of attorney's fees. "[C]ourts have wide discretion in determining whether or not an award of attorney's fees is warranted, giving due consideration to the principle that the prevailing party should recover attorney's fees 'unless special circumstances would render such an award unjust.'" *Planned Parenthood v. Citizens for Com. Action,* 558 F.2d 861, 870 (8th Cir. 1977), *quoting Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968).

We are unable to determine from the District Court's order whether the court's denial of attorney's fees was based on an erroneous belief that the Act did not authorize an award of fees in this case, or whether it was an exercise of its discretionary power under the Act. We, therefore, reverse and remand the cause to the District Court for a determination as to whether Kimbrough's failure to comply with E.D.Ark.R. 8(b) and any other factors constitute special circumstances which would render an award of attorney's fees for the District Court phase of these proceedings unjust. *See International Society for Krishna Consciousness, Inc. v. Andersen,* 569 F.2d 1026 (8th Cir. 1978). We award Kimbrough $200 against the AAA and its executive director as a reasonable attorney's fee for the appellate phase of this case. All parties shall otherwise bear their own costs on appeal.

Reversed and remanded.