608 F.2d 594
 22 Fair Empl.Prac.Cas. 1571,
21 Empl. Prac. Dec. P 30,499
Mildred HARKLESS et al., Plaintiffs-Appellees,
v.
The SWEENY INDEPENDENT SCHOOL DISTRICT, SWEENY, TEXAS, et
al., Defendants.
The Sweeny Independent School District, Defendant-Appellant.
 No. 79-1800
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Dec. 19, 1979.
 Grant Cook, Houston, Tex., for defendant-appellant.
 Weldon H. Berry, Houston, Tex., James M. Nabrit, III, Patrick O. Patterson, New York City, Mark T. McDonald, Houston, Tex., for plaintiffs-appellees.
 Appeals from the United States District Court for the Southern District of Texas.
 Before GEE, HENDERSON and HATCHETT, Circuit Judges.
 HENDERSON, Circuit Judge:
 
 
 1
 In 1966, several black school teachers, including the appellees, filed suit against the appellants, Sweeny Independent School District and several of its officials (hereinafter referred to as "the School District"), charging racial discrimination in the School District's decision not to rehire them for the 1966-67 school year, the first in which the School District desegregated its schools. In this last chapter of a long[1] and unpleasant controversy the School District challenges the amount of attorneys' fees awarded by the district court. The appellants maintain that there was clear error in granting $256,500.00 in attorneys' fees to the plaintiffs' counsel, who were associated with the NAACP Legal Defense and Education Fund. They do not contest the reasonableness of the fees to local counsel.
 
 
 2
 On this appeal, the appellants make three contentions: (1) the plaintiffs' counsel did not spend as many hours as found by the trial court; (2) in any case, there was no showing that the number of hours claimed was necessary for the prosecution of the case; and (3) the award was excessive in that it amounted to 79% Of the total award to the plaintiffs. We find these arguments to be without merit, and affirm the decision and award of the district court, but remand for a determination of reasonable attorneys' fees for this appeal.
 
 
 3
 The Civil Rights Attorney's Fee Awards Act of 1976 (hereinafter referred to as "the Act"), provides, in part,
 
 
 4
 (i)n any action or proceeding to enforce a provision of sections 1981, 1982, (and) 1983 (of Title 42), . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs.
 
 
 5
 42 U.S.C.A. § 1988 (1978 Supp.). As the Act clearly states, the decision to award attorney's fees is delegated to the discretion of the trial court, and its decision will not be disturbed absent and abuse of that discretion. Morrow v. Dillard, 580 F.2d 1284 (5th Cir. 1978), See also, Wolf v. Frank, 555 F.2d 1213 (5th Cir. 1971); American Benefit Life Ins. Co. v. Baddock (In re First Colonial Corp. of America ), 544 F.2d 1291 (5th Cir.), Cert. denied, 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977); Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). In making this assessment, the trial court should consider the twelve factors enumerated in Johnson, supra. Morrow, supra ; S.Rep.No.94-1011, at 6, Reprinted in (1976) U.S.Code Cong. & Admin.News, pp. 5908, 5913. The purpose of the requirement that the trial court articulate its analysis of the Johnson factors is to insure meaningful appellate review of his discretion. Davis v. Fletcher, 598 F.2d 469 (5th Cir. 1979); Bolton v. Murray Envelope Corp., 553 F.2d 881 (5th Cir. 1977); In re Air Crash at Florida Everglades, 549 F.2d 1006 (5th Cir. 1977); Johnson, supra.
 
 
 6
 The trial judge thoroughly reviewed the record of this protracted litigation,[2] and recorded his views of the relevance of the various Johnson criteria in an opinion which could not have been so well written had it not been the reflection of a correct understanding of the policies underlying Johnson and its progeny. In his "Findings of Fact and Conclusions of Law Relating to Back Pay and Attorney's Fees" of December 7, 1978, noting that "computation of attorney's fees in this case has been difficult," he undertook to "describe the various factors which the court has taken into consideration in determining the amount of attorney's fees," 466 F.Supp. 457, 464-65. He specifically found that the quality of the work and the results obtained by the plaintiffs' counsel were superior, and that the standing of the plaintiffs' counsel at the bar is similarly excellent. Id. at 465. These conclusions are indisputably correct. In discussing the contingent nature of the fees, he noted that, during most of the thirteen years the case was pending, it must have appeared that "there was a strong possibility, if not a probability, that all of the extensive work done in this case would be without remuneration." Id The district court also found that "(a) case which requires as much time as did the case at bar in effect precludes the lawyers who are doing the work from accepting other employment or performing other legal services." Supplemental Findings, Id. at 467.
 
 
 7
 The troublesome features in computing fees in this instance, and the one upon which we must focus, is counsel's failure to keep daily time records. Cognizant of this problem, the trial judge, in formulating an estimate of the time spent, insisted upon hearing deposition testimony of all counsel involved in the case to any significant extent, and for this reason he held two evidentiary hearings. In the Second Supplemental Findings of Fact and Memorandum Opinion, the trial court states that it
 
 
 8
 is comfortable with and believes the estimates of time testified to by counsel for the following reasons: First, the lawyers giving the testimony appear to this court to be honest and candid, and appear to have made a good faith effort to make a conservative and accurate estimate of the time expended in connection with the performance of the work done in this case. Second, this court has reviewed the file in the light of the undersigned's (I. e., the judge) experience as a practitioner, the estimates of time spent in performing the various tasks seem to this court to be inherently reasonable. Third, as indicated in the earlier findings, the fact that counsel for plaintiffs spent materially larger amounts of time on this case than did counsel for the defendant is not surprising for many reasons. One of the most cogent of the reasons is that during the entire course of this litigation until the recent decision of the Fifth Circuit Court of Appeals, the plaintiffs clearly had the uphill side of this case. . . . A lawyer with an intense determination to win will, simply by his virtue of the essential facts of human nature, spend enormous amounts of time on a case to make certain that he is presenting his client's views and arguments in the best possible light. A review of this file reveals the intense determination to win of counsel for plaintiffs, and it was this intense determination to win which ultimately produced a successful result, and which resulted in the expenditure of the very large amount of time established by the credible testimony.
 
 
 9
 The undersigned is totally persuaded that counsel for plaintiffs did spend the time working on this case which they indicated they did by their sworn testimony.
 
 
 10
 466 F.Supp. 473-74.
 
 
 11
 While it is by far the better practice for attorneys to keep time sheets, such documentation is not always essential. Here the representation was not rendered by a law firm primarily engaged in providing services to paying clients, but by a group of lawyers motivated by their conception of the public interest, who make it a practice not to accept compensation from their clients. As the court below noted, throughout much of this litigation it was extremely doubtful that the plaintiffs would prevail, or that attorney's fees would be available if they did. In this connection we note that this Act did not become operative until most of the work in this case had already been performed. (But see S.Rep.No.94-1011, Supra, which points out that prior to Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), numerous federal courts had been willing to award successful plaintiffs' attorney's fees in civil rights cases.) As the Court of Appeals for the First Circuit suggests, the ends of justice would not be well served by demanding detailed documentation of the expenditure of time made prior to the passage of the statute. Souza v. Southworth, 564 F.2d 609 (1st Cir. 1977). Of course, the district court's conclusion of the amount of time spent in a case in which detailed time records are not available is entitled to deference, and will not be overturned absent an abuse of discretion. Davis v. Bd. of School Comm'rs of Mobile County, 526 F.2d 865 (5th Cir. 1976).
 
 
 12
 The appellants also urge that even if the plaintiffs' counsel had in fact spent all this time, it was not well spent and therefore the defendant should not be required to foot the bill. It is true that the plaintiffs' counsel may not recover for all their work, but only for time reasonably expended. However, the record supports the findings of the trial judge that the time spent by plaintiffs' counsel had been utilized efficiently. Conclusions of Law of December 7, Supplemental Findings, and Second Supplemental Findings, 466 F.Supp. 457, Passim.
 
 
 13
 That defense counsel spent significantly less time on this case than did counsel for the plaintiffs is irrelevant so long as all compensated work was necessary and performed in an expeditious manner. We agree with the trial court, without elaboration, that the efforts of plaintiffs' counsel in several trials and in prosecuting what are now three successful appeals, two of which resulted in substantial modifications of the law in this circuit, required substantially more time than did the unsuccessful opposition.
 
 
 14
 The School District also suggests that the award of attorneys' fees is excessive because it exceeds a modest proportion of the total monetary recovery of the plaintiffs. We note initially that the plaintiffs not only recovered back pay, which was minimal since most were able to quickly secure new employment, but also had the satisfaction of vindicating their professional status, which defendants, to put it mildly, had impugned, 466 F.Supp. 473, See 544 F.2d 1353, 1355. In any case, the statute provides that a "prevailing party" should receive attorney's fees when the trial court deems it appropriate, and does not limit those fees to the amount recovered by the plaintiff. The purpose of the Attorney's Fees Award Act to encourage private enforcement of the civil rights laws would be thwarted by a limitation such as that proposed by the appellants, and no such restriction is suggested by the legislative history of the Act. S.Rep.No.94-1011, Supra, p. 6, (1976) U.S.Code Cong. & Admin.News, p. 5913 ("fees awarded . . . (should) not be reduced because the rights involved may be nonpecuniary in nature"); Cf. Corpus v. Estelle, 605 F.2d 175 (5th Cir. 1979) (affirming award of attorney's fees in successful suit for declaratory and injunctive relief). Moreover, this interpretation would seem to preclude recovery of attorney's fees by defendants in actions brought in bad faith, contrary to the intent of congress as shown by the legislative history, S.Rep., Supra, at 5, (1976) U.S.Code Cong. & Admin.News, p. 5912, and case law, Patzkowski v. United States, 576 F.2d 134 (8th Cir. 1978); Lopez v. Aransas County Independent School Dist., 570 F.2d 541 (5th Cir. 1978). In other circuits recovery of attorney's fees under the Act has been approved even though damages were only nominal, See, e. g., Perez v. University of Puerto Rico, 600 F.2d 1 (1st Cir. 1979), as well as in cases where the challenged practices were discontinued before the case reached trial, International Soc. for Krishna Consciousness, Inc. v. Andersen, 569 F.2d 1027 (8th Cir. 1978); Inmates of Nebraska Penal and Correctional Complex v. Greenholtz, 567 F.2d 1381 (8th Cir. 1977) (legal expenses, but not attorney's fees, under this Act). While we do not necessarily adopt these cases, we agree with their rationale insofar as they implicitly reject the premise that the recovery of attorney's fees is limited to the amount of the plaintiffs' pecuniary recovery.
 
 
 15
 The judgment is AFFIRMED and the case is REMANDED.
 
 
 
 *
 Fed.R.App.P. 34(a); 5th Cir. R. 18
 
 
 [1]
 The action was filed on May 23, 1966. In the first recorded opinion, 278 F.Supp. 632 (S.D.Tex.1968), the district court granted the defendants a jury trial, over the objection of the plaintiffs. After the jury answered special interrogatories favorably to the defendant, the district court ruled that the plaintiffs had failed to state a § 1983 claim upon which relief could be granted, since the school district and individual school officials sued in their official capacity were immune from suit, citing Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). 300 F.Supp. 794 (S.D.Tex.1969). This court subsequently reversed, holding that Monroe, did not foreclose a suit for equitable relief in the form of back-pay, and that, in any case, Monroe did not support the proposition that individuals sued in their official capacities were not "persons" within the meaning of that term as used in § 1983. We further held that the defendants were not entitled to a jury trial on these issues. 427 F.2d 319 (5th Cir. 1970), cert. denied, 400 U.S. 991, 91 S.Ct. 451, 27 L.Ed.2d 439 (1971). Following remand, the district court granted judgment in favor of the defendants because, inter alia, the plaintiffs failed to show any racial motive, or discrimination per se, in the School District's failure to rehire. The court also denied the plaintiffs leave to amend their complaint to state a cause under § 1981. 388 F.Supp. 738 (S.D.Tex.1975). On the appeal of that decision this court held that the School District's actions constituted impermissible discrimination as a matter of law, and that the district court abused its discretion in refusing to allow the amendment to state a § 1981 claim. The court remanded for a determination of back-pay and attorneys' fees. 554 F.2d 1353 (5th Cir.), cert. denied, 434 U.S. 966, 98 S.Ct. 507, 54 L.Ed.2d 452 (1977). After two hearings, the district court awarded the plaintiffs $375,000.00 for lost wages and other damages, and attorneys' fees totaling $294,562.00. 466 F.Supp. 457 (S.D.Tex.1979)
 
 
 [2]
 See footnote 1, Supra