Willie MORROW et al.,
Plaintiffs-Appellants,

v.

James FINCH, Commissioner of Public Safety (formerly W. O. Dillard et al.) et al., Defendants-Appellees.

No. 79–3148.

United States Court of Appeals,
Fifth Circuit.
Unit A

April 15, 1981.

Frank R. Parker, Barbara Y. Phillips, Lawyers' Committee for Civil Rights Under Law, Washington, D. C., for plaintiffs-appellants.

Darold L. Rutland, Mississippi Highway Safety Patrol, Peter M. Stockett, Jr., Asst. Atty. Gen., Jackson, Miss., for defendants-appellees.

Before GOLDBERG, CHARLES CLARK and REAVLEY, Circuit Judges.

CHARLES CLARK, Circuit Judge:

The sole issue on this appeal is the correctness of an attorneys' fee award made by the district court. This is the third time the issue has made an appearance in this court in the course of this cause. See *Morrow v. Crisler*, 491 F.2d 1053, 1057 (5th Cir. en banc 1974), and *Morrow v. Dillard*, 580 F.2d 1284, 1296–1301 (5th Cir. 1978). We vacate the award made, fix the fees here, and remand for entry of judgment.

The district court reduced both the number of hours and the rate per hour claimed by plaintiffs in each of the three time segments covering the nine-year span of this litigation.[1] Based on a weighing of the hours claimed against the trial judge's own knowledge, experience and expertise as to the time required to complete similar activities, that court concluded it did not feel that the number of hours claimed was reasonably necessary for prosecution of the case. Disregarding affidavits presented by plaintiffs, the court exercised its own expert opinion in determining an hourly rate for each of the periods used. Multiplying its own hourly rate by the number of hours it allotted by "feel" the court calculated a total fee award which amounted to less than one-half that sought.

Having thus calculated the fee it determined as reasonable, the court proceeded to "justify" the award it had decided upon by discussing most of the other factors set out in *Rainey v. Jackson State College*, 551 F.2d 672, 686 (5th Cir. 1977), which our mandate directed be used. The district court found plaintiffs' litigation completely successful in securing mandatory integration of the pre-

viously all-white state highway patrol. The court also found plaintiffs' attorneys were proficient and handled the case ably. The court also found that acceptance of other employment was not precluded and that undesirability of the case was not important because counsel were associated with an organization exclusively devoted to handling civil rights matters. The court also found the fee allowed was commensurate with the award in *Rainey, supra,* (an individual teacher discharged case) which it considered a similar case. However, the court made no finding on other highly significant factors mandated to be used. The remedy obtained at the hands of an en banc appellate court was both novel and difficult. The fee was contingent.

Our mandate on the last appeal concluded with a direction to the district court to make express findings of record which set forth the basis of the award of attorneys' fees. 580 F.2d at 1301. This the district court did not do. The court's mere recital of *Rainey, supra,* factors accompanied by an announcement of factual conclusions that the time spent was more than reasonably required and that reasonable hourly rates for the periods used were less than those claimed are not sufficient to comply with our mandate. Moreover, the findings made and conclusions reached indicate an undue emphasis on an hours-times-rate method of calculations. See *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1171 (5th Cir. 1980).

■ Considering the unique posture of the cause on the present appeal, we have determined that a unique disposition is required in the interests of justice. 28 U.S.C. § 2106. Rather than remand the case for yet another go at district court fee-fixing, which would in itself incur more fees and could create a fourth appeal on the issue of attorneys' fees, we make the following find-

1. The summary of the itemized details for each period was as follows:

July 1970 to October 1971, 202 hours
at $30 per hour — $ 6,060.00

October 1971 to May 1974, 164.5 hours
at $50 per hour — 8,225.00

May 1974 to present, 398.5 hours
at $75 per hour — 29,887.50

TOTAL — $44,172.50

ings from undisputed facts of record[2] and fix a reasonable fee in this court. *See Brown v. Culpepper*, 559 F.2d 274, 278 (5th Cir. 1977).

(1) Plaintiffs' counsel actually expended the times as itemized in the detailed affidavits filed in support of their claim, and the times spent were all in pursuit of their clients' interests in this matter.

(2) To deal effectively with the subject matter of this cause required consummate legal skill. The presence of this level of ability is evidenced in the results obtained as well as the pleadings and briefs on file.

(3) The litigation has been protracted and the time consumed has necessarily prevented counsel's work on other assignments.

(4) The issues were novel and difficult. Counsel for defendants have allowed no point, including all questions as to attorneys' fees, to go unchallenged.

(5) The customary fee in this area for work of this calibre and complexity would be based on hourly rates at least as great as the rates claimed by counsel for plaintiffs for each of the periods involved.

(6) Although plaintiffs' counsel are regular employees of an organization which conducts civil rights litigation, their ability to recover this statutory fee award is wholly contingent upon prevailing. *Harkless v. Sweeny Independent School District*, 608 F.2d 596, 596–97 (5th Cir. 1979).

(7) Time limitations imposed by the client are not relevant to the fee calculation to be made in this case.

(8) The case involved highly significant principles of state-wide significance and the attorneys achieved total victory for their clients and members of a broad class.

(9) As the district court found, counsel for plaintiffs were experienced and able. They enjoyed a reputation for such experience and ability.

(10) The undesirability of the case was not a factor in acceptance of employment.

(11) The nature and length of the professional relationship with the client is immaterial.

(12) Awards made in similar cases, particularly in the area of antitrust and securities regulation, are at rates higher than those sought.

The fee sought by counsel for plaintiffs is well within the limits of a reasonable contingent fee for the work done and results accomplished when the remaining factors detailed are considered.

On March 28, 1979, the district court directed counsel for plaintiffs to file an affidavit stating what compensation he had received from the Lawyers' Committee for Civil Rights Under Law. The court stated it must consider the effect of those payments on the award to be made. Counsel complied under objection on April 6, 1979. The final judgment contains no specific application of this information in the fee-fixing process. By the same token, no disclaimer is made of the use of this information in formulating the court's conclusions as to reasonableness of time spent or reasonableness of the hourly rate sought. Since the March 28 order remained in full force and effect, we assume it was applied

2. In addition to their own counsel's affidavit which set out the various times spent on each pleading and proceeding, plaintiffs filed affidavits from two attorneys familiar with fees charged in Jackson, Mississippi, for litigation of the type involved in the present case for the 1970–71 and 1971–74 time periods. Counsel also swore that an attorney of comparable or lesser ability had been paid an hourly fee of $75 for work done for the Attorney General of Mississippi in more recent times. Only two opposing affidavits appear in the record. Both are dated November 9, 1971, and both involve lawyers employed by the Mississippi Attorney General. In one, a lawyer states he handled five "criminal cases" before the Supreme Court of Mississippi at an unspecified time for a rate of $15/hour and "later" (again unspecified as to date) handled fourteen "criminal cases" at a rate of $350 per case. No details as to complexity or, in the latter cases, rate per hour is given. The second lawyer, who had been admitted to practice four years, stated that he was "now" handling a suit in the United States Court for the Northern District of Mississippi for $15/hour. No description of the litigation was given.

in the court's reasoning less than four months later. This introduced additional error in the fee-fixing process. The fact that the prevailing party is represented by counsel employed by a civil rights organization is irrelevant. *Cf. Watkins v. Mobile Housing Board*, 632 F.2d 565 (5th Cir. 1980).

■ We also specifically reject the suggestion made for the first time at the appellate level that the annual salary of the Attorney General of Mississippi, divided into hourly increments, supplies an appropriate standard of guidance.

The statutory fee fixed as reasonable for all appellate and trial work done prior to the present appeal is $44,172.50. The further fees allowable for the instant appeal are $9,100.00.[3] Interest on the attorneys' fees awarded shall be allowed from the last day of each respective period and on the fees allowed for the instant appeal from the date of this order. *Gates v. Collier*, 616 F.2d 1268 (5th Cir. 1980).

The judgment appealed from is vacated and the cause is remanded to the district court with directions to enter judgment for plaintiffs against defendants and their successors in office in the amount of $53,-272.50, plus interest.

VACATED AND REMANDED WITH DIRECTIONS.

---

3. Pursuant to directions by this court, counsel for appellants filed affidavits detailing (1) a total of 67 hours expended on this appeal by lead counsel and attesting that an hourly rate of $100 was reasonable for his time, and (2) a total of 32 hours expended on this appeal by associate counsel and attesting that an hourly rate of $75 was reasonable for her time. Appellees filed no counter affidavits.