**In re Alan MacLean FINLASEN, Dawn Leigh Finlasen, Debtors.**

**No. 99–30402–BKC–SHF.**

United States Bankruptcy Court, S.D. Florida.

April 26, 2000.

Michael A. Frank, North Miami, Florida, for debtors.

Robin R. Weiner, Fort Lauderdale, Florida, trustee.

## ORDER ALLOWING COMPENSATION TO ATTORNEY FOR CHAPTER 13 DEBTOR

STEVEN H. FRIEDMAN, Bankruptcy Judge.

THIS CAUSE came on to be heard on July 9, 1999, upon the Application for Fees by Attorney for Debtors, filed by Michael A. Frank, Esq., doing business as The Bankruptcy Resource Center. The hearing was conducted pursuant to Local Rule 2016–1(B)(2) and the "Chapter 13 Fee Guidelines" in effect for the United States Bankruptcy Court for the Southern District of Florida. In his Application, Mr. Frank ("Applicant") seeks total compensation in the amount of $4,162.50. Applicant received a pre-petition retainer from the Debtors in the amount of $975.00, which sum was paid to Applicant in conjunction with Debtors' First Amended Chapter 13 Plan, confirmed on June 24, 1999. Thus, Applicant seeks to have a balance of $3,187.50 paid to him under the Debtors' First Amended Chapter 13 Plan. The Court, having carefully considered the pending fee application, and for the reasons set forth below, finds that reasonable aggregate compensation for Michael A. Frank, Esq. is $2,500.00. After deducting the pre-petition fee retainer paid by the Debtors of $975.00, the Chapter 13 Trustee is authorized and directed to pay the balance of the fee due to Applicant, in the amount of $1,525.00, pursuant to the terms

of the confirmed First Amended Chapter 13 Plan.

 The reduction of Applicant's requested compensation from $4,162.50 to $2,500.00 is warranted, based upon two indicia: (1) the failure by Applicant to memorialize the date of each time entry contained in his fee application; and (2) the existence of numerous identical time entries, in identical time increments, contained in other fee applications filed by Applicant which are pending before this Court.

### FAILURE TO MEMORIALIZE DATES OF TIME ENTRIES

 Attached to Applicant's fee application is an itemization containing fifty-three (53) time entries supposedly registered by Applicant evidencing the 18.50 hours of time which Applicant has expended and will be required to expend (Court Paper No. 16). Contemporaneously with the Court's review of the instant fee application, the Court has had occasion to review Applicant's fee application filed in the unrelated chapter 13 case of *Early and Carolyn Babb*, Case No. 99–30401–BKC–SHF. In both the Babb fee application and the instant fee application, Applicant failed to memorialize the dates upon which his time entries were registered. In terms of sequence, the undersigned judge reviewed the Babb application prior to the instant application, and awarded reasonable compensation. However, in the process of reviewing the instant application, the undersigned noticed that Applicant again had failed to memorialize the date of each time entry. It is well-established, under the "lodestar" approach to the allowance of attorney compensation applicable in this Circuit, that attorneys must keep time records, recorded contemporaneously with performance of legal services. See *Schumann Tire & Battery Co., Inc.*, 89 B.R. 223, 230 (Bankr.M.D.Fla.1988). In the absence of detailed time records, the Court's conclusion as to the amount of time spent on a case "is entitled to defer-

ence, and will not be overturned absent an abuse of discretion." *Harkless v. Sweeny Indep. Sch. Dist., Sweeny, Texas*, 608 F.2d 594, 597 (5th Cir.1979). Applicant has failed to set forth the date upon which any of the time entries ostensibly supporting his fee application were performed, and as such, such time entries are inadequate.

### EXISTENCE OF NUMEROUS IDENTICAL TIME ENTRIES IN OTHER PENDING FEE APPLICATIONS

 Based upon this Court's review of the instant fee application, and the comparison thereof to the fee application filed by Applicant, as attorney for the debtor, in the case of *Early and Carolyn Babb*, Case No. 99–30401–BKC–SHF, the Court concludes that many of the time entries reflected upon the instant application were **contrived,** to substantiate the amount of Applicant's fee request. The comparison of the two fee applications establishes that there are twenty-six (26) time entries reflected upon both the Babb application and the instant application which are identical both as to description and as to amount of time expended:

| Description | Hours |
|---|---|
| Initial Consultation | 1.00 |
| Second Appointment. Review Bankruptcy Questionnaire. Made Request of Debtors for Normally Requested Trustee Documents. | .70 |
| Letter to Debtors re: follow-up | .10 |
| Third consultation with Debtors. | .40 |
| Review petition with Debtors and make final changes | .30 |
| Preparation of Petition, Schedules and Statement of Financial Affairs | 1.00 |
| Receipt of numerous creditor telephone calls | .50 |
| Review of debtors' pay stubs | .20 |
| Review file and prepare Plan | .80 |
| Receipt and review of Trustee letter | .20 |
| Dictate letter to Debtors to obtain additional information required by the Trustee | .20 |
| Receipt and review of valuation of vehicle | .10 |

| | |
|---|---|
| Receipt and review of Trustee documents | .50 |
| Pre-call to Debtors regarding 341 Meeting of Creditors | .10 |
| Review file and attend 341 Meeting of Creditors | .50 |
| Review Plan and draft amended Plan and budget | .60 |
| Consultation with Debtors regarding Income Deduction and preparation of Income Deduction Order | .30 |
| Dictate letter to Trustee regarding status prior to Confirmation Hearing and complying with all requirements (prorated pursuant to letter which takes more than an hour to complete). | .20 |
| Call Trustee to learn if Debtors is (sic.) current with payments. | .10 |
| Pre-call to Debtors regarding Confirmation Hearing | .10 |
| Attend first Confirmation Hearing | .50 |
| Preparation of Notice of Hearing for Application for Fees | .10 |
| Attendance at hearing on Application for Fees | .50 |
| Various telephone calls to and from Debtors | 1.00 |
| Estimate of review of claims register | .50 |
| Estimate of time to file Objection to Claims, receipt of RNC letters, Notices of Deficiency, conversations with Debtors and Motions to Dismiss (½ hour per year) | 2.50 |

Although the Court does not doubt that Mr. Frank performed some of the services described above, it is clear, based upon the extraordinary identity of the time entries in the instant case and in the Babb case that, at least as to the instant fee application, Applicant has utilized, to a large extent, a "rote" or "form" list of time entries to substantiate his fee request. Undoubtedly, Applicant has performed many of the services listed on his time itemization, such as consultations with client; preparation of bankruptcy schedules, statements and fee applications; and receipt of telephone calls and correspondence. However, unless an applicant avails himself of the "safe harbor" language under Local Rule 2016–1(B)(2) and the "Chapter 13 Fee Guidelines", the applicant must contemporaneously and accurately document time entries in support of a fee applica-

tion. Absent the foregoing, it is inappropriate to award compensation to an attorney for chapter 13 debtors in excess of $2,500.00.

Accordingly, Michael A. Frank, Esq. is awarded aggregate compensation as attorney for the chapter 13 debtor in the amount of $2,500.00, less a pre-petition fee retainer of $975.00, for a net award of $1,525.00. The chapter 13 trustee is authorized to disburse the balance of attorney's fees due Applicant pursuant to the confirmed First Amended Plan.