**Clarence Edward MORGAN, Robert Gordon Johnstone, Billy Ray Shapley, Plaintiffs,**

v.

**NEVADA BOARD OF STATE PRISON COMMISSIONERS, an administrative body; Robert List; Richard Bryan and Swackhammer, members thereof; Nevada Department of Prisons, an administrative agency; Charles L. Wolff, Jr.; William Lattin; George Sumner; John Ignacio; George Deeds; Wayne Curry; Brenda Burns; William Jorgenson; and Stephen Fish, employees thereof, both individually and in their respective capacities, Defendants.**

No. CV–R–82–126–ECR.

United States District Court,
D. Nevada.

Aug. 2, 1985.

See also 593 F.Supp. 621.

Stephen Mark Stephens, Carson City, Nev., for plaintiffs.

Richard Bryan, Office of the Atty. Gen. by Brian Hutchins, Criminal Div., Carson City, Nev., for defendants.

## ORDER

EDWARD C. REED, Jr., District Judge.

Plaintiffs' counsel has filed a motion for award of attorney's fees and paralegal fees as incident to costs pursuant to 42 U.S.C. § 1988. These fees relate to services rendered in connection with plaintiffs' motion for an injunction to require the authorities at the Nevada State Prison (NSP) to maintain certain reasonable levels of legal supplies at the prison law library for use of inmates in pursuing their court cases. Plaintiffs were successful in obtaining a permanent injunction, although unsuccessful with respect to some aspects of the litigation. 593 F.Supp. 621. There is no doubt (and defendants concede) that plaintiffs are the prevailing parties with respect to the motion for injunctive relief.

The issue now to be decided is the award of appropriate attorney's fees for attorney Stephen Mark Stephens who represented plaintiffs in the proceedings where injunctive relief was sought and an appropriate fee for the paralegal, Bernard Ybarra, who assisted Mr. Stephens.

The parties have submitted briefs and documentary evidence in affidavit and other form. An evidentiary hearing has also been held before the court.

## I. *Attorney's Fee*

■ 42 U.S.C. § 1988 provides in pertinent part that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." The court's discretion is narrowly construed and the award of fees "should be the rule rather than the exception." *Ackerley Communications v. City of Salem, Or.*, 752 F.2d 1394, 1396 (9th Cir.1985), *citing Teitelbaum v. Sorenson*, 648 F.2d 1248, 1251 (9th Cir.1981). As the Ninth Circuit points out, the Congressional purpose behind § 1988 was to "eliminate financial barriers to the vindication of constitutional rights and to stimulate voluntary compliance with the law." (emphasis omitted) *Ackerley* at 1397.

The parties have stipulated that the award of the attorney's fees should be on a basis of $100 per hour. It is not necessary, therefore, for the Court further to consider the correct rate at which the attorney's fee should be calculated. The stipulated rate appears to the Court to be reasonable and fair to the parties on both sides. *See e.g. Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984).

The sole remaining issue to be addressed with respect to the amount of the attorney's fees is whether they should be adjusted downward because plaintiffs were not completely successful in respect to all aspects of the injunctive relief they sought. *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1982). The Court rejected these allegations of plaintiffs:

(a) that plaintiff Robert Gordon Johnstone was unlawfully disciplined by defendants for obtaining paper supplies for the law library, in retaliation for bringing the motion for injunction, or for some other unlawful reason; and

(b) that defendants had and would retaliate against plaintiffs for initiating and carrying forward this action.

Injunctive relief was denied with respect to the issues raised in both paragraphs (a) and (b).

Defendants also point out that as a part of the injunction proceedings plaintiffs unsuccessfully sought approval for Mr. Ybarra, the paralegal, to sign documents in behalf of the attorney, Mr. Stephens, to be submitted to the Court during Mr. Stephens' absence from Nevada.

In addition, during the period of the injunction litigation, plaintiffs sought a court order to require defendants to permit Mr. Ybarra (who is on parole from the Nevada State Prison system) to contact directly and communicate with plaintiffs who were incarcerated prisoners. Such contacts and communications are forbidden by prison regulations. The Court refused to require defendants to accede to this request. It is difficult to detect if the attorney and paralegal fees sought here include work on this contention except as to one time slip which is mentioned below.

Records kept by plaintiffs' attorney do not segregate specifically time spent on the unsuccessful areas of the litigation. It is therefore incumbent upon the Court to endeavor to determine what percentage of the attorney's time was spent on this part of the work. *Hensley v. Eckerhart,* 461 U.S. at 436–37, 103 S.Ct. at 1941. Certainly these areas, where relief was unsuccessfully sought, did not take up the major part of the attorney's time. But, by the same token, some reduction in the attorney's fee is called for. *Id.* at 440, 103 S.Ct. at 1943 (where plaintiff achieves only limited success, the amount of fees awarded should be "reasonable in relation to the results obtained"); *Inmates of Allegheny County Jail v. Pierce,* 716 F.2d 177 (3rd Cir.1983).

The Court has again reviewed the injunction proceedings, including the court hearing, and the Court finds that 25% of the proceedings at issue here concerned contentions with respect to which plaintiffs were not successful. The attorney's fee which might otherwise be ordered paid with respect to the injunction proceedings must therefore be reduced by that amount. *See e.g. Vaughns v. Bd. of Educ. of Prince George's County,* 598 F.Supp. 1262, 1289 (D.Md.1984) (determination of appropriate percentage reduction is within the court's discretion).

Defendants allege that time charged for conferences between the attorney and the paralegal may constitute double charging. However, the evidence here is that such conferences were necessary and were to a considerable extent how the work was accomplished. No reduction in the fee is warranted on account of the conferences.

No reduction was made by the Court on account of the minimal period of time Mr. Stephens testified at the evidentiary hearing.

Except as mentioned above, defendants do not challenge the time recorded by plaintiffs' attorney and alleged herein as devot-

ed to this case with respect to the subject issues.

The attorney's fees, herewith found to be reasonable, shall therefore be calculated as follows:

Time reported as spent by plaintiffs' attorney in regard to the injunction proceedings as set forth in the motion for attorney's and paralegal fees:

34 hours 41 minutes at
$100/hour      $3,468.47
Less 25%      867.12    $2,601.35

Time reported by plaintiffs' attorney for preparation of motion for attorney's and paralegal fees as set forth in the motion:

8 hours 31 minutes at $100 per hour 851.77

Time spent by plaintiffs' attorney in presentation of motion for attorney's and paralegal fees on May 13, 1985, in open court:

4 hours at $100 per hour      400.00
                             $3,853.12

*See Blum v. Stenson*, 104 S.Ct. at 1543–44 (reasonable fee is "calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate."); *Hensley v. Eckerhart, supra*.

## II. *The Paralegal Fees*

It is appropriate for this Court to award as an incident to costs, paralegal fees pursuant to § 1988 for work that is "traditionally performed by attorneys." *Richardson v. Byrd*, 709 F.2d 1016, 1023 (5th Cir.1983). *See also Cameo Convalescent Center, Inc. v. Senn*, 738 F.2d 836, 846 (7th Cir.1984), *cert. denied*, — U.S. —, 105 S.Ct. 780, 83 L.Ed.2d 775 (1985); *Ramos v. Lamm*, 713 F.2d 546, 588–89 (10th Cir.1983). Because paralegal Mr. Ybarra was on parole at the time of this litigation, operating out of his private office, this is not a case of a "jailhouse lawyer" whose services rightly are not compensable under § 1988. *Cf. Peniman v. Cartwright*, 550 F.Supp. 1302 (S.D.Iowa 1982) (prisoner with no formal legal training who assisted another prisoner in presenting a pro se civil rights claim was not entitled to attorney's fees pursuant to § 1988); *Davis v. Parratt*, 608 F.2d

717 (8th Cir.1979) (prisoner pro se plaintiff, who was a trained paralegal, was not entitled to attorney's fees under § 1988).

■ The first issue to be addressed by the Court with respect to the paralegal fees is the appropriate standard to be applied in determining the reasonableness of these fees. Defendants suggest an analysis similar to that used in regard to attorney's fees awards. The Court agrees. *See Kerr v. Screen Extras Guild Inc.*, 526 F.2d 67, 70 (9th Cir.1975) (whether the amount awarded as attorney's fees is reasonable is determined by balancing such factors as the difficulty and attractiveness of the case, the time required, the nature of the attorney-client relationship, the customary fee, whether the fee is fixed or contingent and other relevant factors). There are of course some additional considerations which ought to be taken into account with respect to paralegal fees. These will be considered below.

In this case the independent paralegal, Mr. Ybarra, contracted with Mr. Stephens, the attorney, to do the necessary paralegal work for the case at a rate of $45 per hour, contingent upon plaintiffs prevailing and the award of such paralegal fees by the Court pursuant to 42 U.S.C. § 1988. Mr. Ybarra's fees were to be limited to such paralegal fees as were awarded by the Court.

Defendants attack the fees requested by the paralegal in a variety of ways. First, they contend that the rate of $45 per hour is too high and that the hourly rate for the award of the fee should more appropriately fall in the range of $25–$35 per hour. In support of their position, defendants presented evidence from a number of individuals with respect to paralegal type work, such as legal research. Their evidence and testimony reflected the following rates:

(i) Richard Thornley, an attorney, does research work. For about a year he has been charging $40 per hour and now charges most new clients $45 per hour. These rates apply to any work he is

requested to do. He has done civil rights type work.

(ii) Robert Peyton, an attorney, employs law student researchers generally at the rate of $15 per hour and sometimes at lesser rates. He bills clients for an amount equivalent to what he pays the researchers.

(iii) Marta Breult, an attorney not licensed in Nevada, has worked as an independent paralegal in Nevada since January 1, 1985. She generally charges $25 an hour, but sometimes less depending on what the attorney is being paid. She does not charge for travel and does not charge for conferences with the attorneys unless that is a major part of the work she is doing. She may adjust her hours charged to reflect time wasted while the work goes forward. Shorter periods of time are charged for in full. Ms. Breult does not maintain a separate office, but does use certain office furniture in her home for her work.

(iv) Vivian Lynch, an attorney not admitted in Nevada, has, with some exceptions been doing paralegal work in Nevada since 1968. She charges at a rate of $50 per hour, with no charge for conferences with attorneys because of the $50 an hour rate she requires to be paid. She reduces hours charged to account for wasted time sometime by $\frac{1}{3}$ to $\frac{1}{2}$. She has done paralegal work for many attorneys in the area and has worked extensively in the civil rights field. She appears to have about all the work she can handle and probably more than that. Ms. Lynch reviewed the work done by Mr. Ybarra and it was her view that she could have completed it in a shorter period of time and that to a considerable extent it dealt with facts rather than legal precedent requiring research. Ms. Lynch is obviously a talented and experienced legal researcher.

Plaintiffs presented four witnesses at the evidentiary hearing.

(a) Merrilyn Marsh, a paralegal who has been employed by the law firm of Belding and Harris for approximately two years. She receives a regular monthly salary from the firm at a rate of $10 per hour, and her work is billed to clients at the rate of $45 per hour (bankruptcy cases are billed at $40 per hour which is the limit fixed by Judge Jones for such work in the bankruptcy court). All the time she spends in reference to a client's work is billed, except that sometimes adjustments are made to what the attorneys who employ her deem fair.

(b) Patrick Mullen, an experienced attorney, has engaged the services of Mr. Ybarra at a rate of $45 per hour, but does not anticipate paying at that rate for travel or time spent photocopying. Mr. Mullen's fee arrangement with Mr. Ybarra is not on a contingent basis, but he is not obligated to pay Mr. Ybarra until he is paid. Mr. Mullen testified he had thought that paralegals were worth $20–$25 per hour, which is what attorneys have charged him for such services, but that Mr. Ybarra is more efficient. Mr. Mullen testified that the going rate which law firms charge their clients for paralegal services is $35 per hour.

(c) Mr. Stephens testified that Mr. Ybarra is "worth $35–$45 an hour," but that he has hired Mr. Ybarra on other occasions for a lesser amount, depending on what the traffic will bear.

(d) Mr. Ybarra testified as to his experience as a paralegal in various assignments and with respect to legal research. Mr. Ybarra has had lengthy experience as a paralegal in the civil rights field. Because of his experience in civil rights, such work is easier for him than other types of paralegal work. He is employed by a number of attorneys as a paralegal. The rates he charges them vary from $15–$45 an hour depending on the type of case involved and the ability to pay. Mr. Ybarra operates from an office he rents and devotes solely to his paralegal business. His billings include charges for the work of his associates in the office. Without Mr. Ybarra's offer to assist Mr. Stephens it is unlikely he would have undertaken the case and

plaintiffs would likely have been without counsel in such event.

In endeavoring to apply the *Kerr* factors to the claim for paralegal fees the most important standard would seem to be: what is the customary fee paralegals charge in this area. Mr Mullen's testimony provides the best evidence of the customary or market fee. He pegs that fee at $35 per hour as the going rate, but he indicates he would anticipate a lesser rate for travel, Xeroxing and the like. Defendants in their papers opposing the award of paralegal fees at the requested rate of $45 per hour conclude that a range of $25–$35 per hour is appropriate. At the hearing on this matter, plaintiffs' counsel conceded he and Mr. Ybarra would be happy with a $35 per hour figure.

The witnesses presented by defendants with respect to the proper rate to be awarded to the paralegal here present a variety of different situations and billing rates. The rates they charge vary from $50 per hour (Vivian Lynch) and $45 per hour (Attorney Thornley) (plaintiffs' witness, Merrilyn Marsh testified her law firm bills her work at $45 per hour) down to $25 per hour (Marta Breult) and $15 per hour (Attorney Peyton's charge to his clients for the work of his law student paralegal). Both Ms. Lynch and Ms. Breult make adjustment in the billings for time wasted.

The charges of and for the work of these individual paralegals provides some insight into a customary or market fee in this area and would suggest that the customary fee is somewhere around $30–$35 an hour. This bears out Mr. Mullen's testimony as to a $35 per hour market fee. In the view of the Court, the upper limit of the $30–$35 range is justified since the fee for Mr. Ybarra was collectible only on a contingency basis. With some exceptions, the other paralegal charges with regard to which testimony was offered were not contingent in nature. The fee ought to be higher if it is contingent. The preponderance of the evidence is that $35 per hour is a customary fee in this area for paralegals doing the type of work Mr. Ybarra did in this case, and the Court so finds.

However, the evidence indicates the $35 per hour figure ought to be reduced so far as time spent for such things as travel, Xeroxing, trips to the courthouse, and the like. Mr. Ybarra is entitled to be compensated for that work but at a lesser rate because the customary fee would be at a lesser rate. The Court fixes $15 per hour as generally a reasonable charge for such work in this case. *See e.g. Thomas v. Bd. of Trus. of Regional Comm. Colleges*, 599 F.Supp. 331, 335 (D.Conn.1984) (it is within the Court's discretion to differentiate between categories of work involved and to award lower fees for clerical and out of court activities). It did not appear to the Court that all such charges attributable to travel, Xeroxing and the like should necessarily be required to be paid for at the reduced rate.

While some of the paralegals testified their hours or fees are adjusted in some manner or other, no basis to adjust such fees in respect to the work of Mr. Ybarra has been presented to the Court for consideration and no adjustment will be ordered.

The paralegal fees should be subject to adjustment on the same basis as the attorney's fee with respect to the work done in areas where plaintiffs were unsuccessful. *See Hensley v. Eckerhart, supra.* This will be done by the Court in reviewing Mr. Ybarra's time slips and deducting time identifiable with the unsuccessful areas of the litigation and also by reducing the overall fee charged by 25% to account for work done on issues which were not successfully litigated and which cannot be identified in the time slips. Mr. Ybarra's charges will also be reduced with respect to work done on matters other than those relating to the injunction.

Mr. Ybarra is also entitled to his out-of-pocket expenses incurred in pursuing the work in this case, as reflected in his time slips. 28 U.S.C. § 1920.

The Court has considered the remaining *Kerr* factors which should be applied to the

paralegal's work, and they bear out the findings set forth above as proper.

(a) The fee will be based on the time and labor required.

(b) The questions involved did not concern matters of particular novelty or difficulty.

(c) Reasonable skill (which was possessed by Mr. Ybarra) was required to perform the services properly.

(d) Mr. Ybarra was precluded from accepting other work during the period up to the hearing on the injunction.

(e) Time limitations were imposed by the Court-ordered hearings.

(f) Mr. Ybarra does have considerable reputation and ability as a paralegal in the civil rights field and is entitled to the market fee mentioned above.

(g) The case would not be considered to be a desirable one.

(h) The nature and length of the professional relationship between Mr. Ybarra and Mr. Stephens justifies the fee.

(i) There was no reliable evidence presented of awards in similar cases.

The following calculation of Mr. Ybarra's paralegal fees is found to be proper, correct, and reasonable:

| | | | |
|---|---|---|---|
| Total hours of work found by the Court to have been performed in connection with motion for injunction (from Ex #3 attached to Motion for Attorney's fees) (does not include .8 of an hour recorded with respect to the motion for the paralegal to be able to sign papers in behalf of Mr. Stephens) | | 64.4 | |
| Less: Travel-time-type hours to be deducted | 9.7 | | |
| Less: Hours spent on other matters | .8 | | |
| Less: Time on witness stand testifying | .5 | 11.0 | |
| Net hours | | 53.4 | |
| 53.4 hours @ $35 per hour | | | $1,869.00 |
| 5.3 hours travel @ $15 per hour | | | 79.50 |
| | | | $1,948.50 |
| Less 25% for time spent on issues where plaintiffs did not prevail | | | 487.13 |
| | | | $1,461.37 |
| Cash outlays | | | 36.15 |
| Net due paralegal in connection with motion for injunction | | | $1,497.52 |
| Total hours of work found by the Court to have been performed in connection with motion for attorneys and paralegal fees (from Ex #4 attached to motion for attorney's fees) | | 15.7 | |
| Total hours of work found by the Court to have been performed in connection with motion for attorney's and paralegal fees (from Ex #1 in evidence at the hearing on motion for attorney's fees) | 24.5 | | |

| | | |
|---|---|---|
| Less: Travel-time-type hours to be deducted | 3.3 | 21.2 |
| Time spent by paralegal in assisting in presentation of motion for attorney's fees and paralegal fees on May 13, 1985, in open court, less ½ hour for time spent by paralegal as a witness | 3.5 | 3.5 |
| Total | | 40.4 |

| | |
|---|---|
| 40.4 hours @ $35 per hour | $1,414.00 |
| Travel 3.3 hours @ $15 per hour | 49.50 |
| Net due paralegal in connection with motion for attorney's fees and paralegal fees | $1,463.50 |

### SUMMARY

| | |
|---|---|
| Due to paralegal on motion for injunction | $1,497.52 |
| Due to paralegal on motion for attorney's and paralegal fees | 1,463.50 |
| Cash outlays by paralegal (from Ex #1) | 24.84 |
| Total due paralegal | $2,985.86 |

In calculating the hours for Mr. Ybarra, the Court has allowed some travel time and disallowed some of this time. Some of the travel time appeared necessary to accomplish the goals sought in the litigation (e.g., in some cases travel to obtain service of subpoenas on witnesses required at the last minute) and was part and parcel of the litigation and therefore allowed at the $35 rate. Other travel could have been avoided by use of mail or telephone. Waiting time was also, in some cases, discounted.

On some of the time slips, work on other projects was reflected and the Court allocated the time as between those to be dealt with here and the other related work reflected in the slips.

Although plaintiffs were not entirely successful in prosecuting the motion for attorney's and paralegal fees and the final award was less than that claimed, no reduction in fees sought for prosecuting the motion for fees is warranted because plaintiffs prevailed on the issue.

The foregoing shall constitute findings of fact and conclusions of law.

IT IS, THEREFORE, HEREBY ORDERED that the Clerk of the Court shall enter judgment in favor of plaintiffs and against defendants, as an item of costs pursuant to 42 U.S.C. § 1988, attorney's fees as follows:

(a) the sum of $3,853.12 to be paid to plaintiffs' attorney Stephen Mark Stephens as a reasonable attorney's fee; and

(b) the sum of $2,985.86 to be paid to plaintiffs' attorney Stephen Mark Stephens for the paralegal work and expenses of Bernard Ybarra.