763 F.2d 1580
 Santos RIVERA, Jennie Rivera, Donald Rivera, Jerome Rivera,
Lee Roy Rivera, Mark Larabee, Enrique Flores,
Manuel Flores, Jr., Plaintiffs-Appellees,
v.
CITY OF RIVERSIDE, Linford L. Richardson, Michael S. Watts,
Dan Peters, Gerald Miller, Robert Plait,
Defendants-Appellants.
 No. 84-6265.
 United States Court of Appeals,
Ninth Circuit.
 Submitted March 8, 1985*.
Decided June 27, 1985.
As Amended Aug. 5, 1985.
 
 Patrick O. Patterson, Los Angeles, Cal., for plaintiffs-appellees.
 Jonathan Kotler, Kotler & Kotler, Encino, Cal., for defendants-appellants.
 An Appeal from the United States District Court For the Central District of California.
 Before HUG, TANG, and PREGERSON, Circuit Judges.
 PREGERSON, Circuit Judge.
 
 
 1
 The City of Riverside appeals the district court's award of $245,456.25 in attorney's fees to plaintiffs under 42 U.S.C. Sec. 1988 (1982). The court awarded fees to plaintiffs because they prevailed on their civil rights claims against defendants.
 
 
 2
 In the underlying suit, filed in 1976, plaintiffs alleged that Riverside city police officers had violated plaintiffs' Fourth Amendment rights. Following trial in 1980, the jury found for the plaintiffs, and the district court awarded them attorney's fees. We affirmed the district court in an opinion published at 679 F.2d 795 (9th Cir.1982), but the Supreme Court vacated and remanded the matter for reconsideration in light of Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). City of Riverside v. Rivera, 461 U.S. 952, 103 S.Ct. 2421, 77 L.Ed.2d 1310 (1983). On remand, the district court made comprehensive findings of fact and conclusions of law demonstrating that it had considered the applicable factors necessary to support the reasonableness of the fee award. These factors are enumerated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir.1975), cert. denied, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976).[1] In July 1984, the district court awarded the plaintiffs' attorney's fees in the same amount as previously awarded.
 
 
 3
 We find that the district court correctly reconsidered the case in light of Hensley and that the fee award is reasonable. Because the district court did not abuse its discretion in reaching its decision, we affirm.
 
 
 4
 Reasonable attorney's fees in civil rights cases may be awarded to the prevailing party at the district court's discretion, 42 U.S.C. Sec. 1988 (1982), and we will not disturb the award absent an abuse of discretion. Rutherford v. Pitchess, 713 F.2d 1416, 1420 (9th Cir.1983) (citing Kerr, 526 F.2d at 69). The plaintiffs are clearly the prevailing parties here. They succeeded on the most significant issue of the litigation--they proved that their civil rights had been violated by law enforcement officers.
 
 
 5
 In Hensley, the Supreme Court held that "the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. Sec. 1988." 461 U.S. at 440, 103 S.Ct. at 1943. The amount awarded must be reasonably related to the results obtained. Id. To demonstrate adequately the relationship between outcome and award, the district court need not specifically discuss each of the twelve "Kerr factors." The court need only explain how the award is reasonably related to the outcome of the proceedings.[2] Id. at 437, 103 S.Ct. at 1941; Rutherford, 713 F.2d at 1420. The district court in the instant case considered the outcome of the proceedings and sufficiently explained how it took the outcome into account in fixing fees. See Hensley, 461 U.S. at 437, 103 S.Ct. at 1941.
 
 
 6
 Appellants argue that plaintiffs' counsel spent time on claims unrelated to the successful claims, and that unproductive hours should be excluded from the computation of attorney fees. See id. at 434, 103 S.Ct. at 1940. In the instant case, however, the district court concluded that plaintiffs' attorneys spent no time on claims unrelated to the successful claims. The record supports the district court's findings that all of the plaintiffs' claims involve a "common core of facts" and that the claims involve related legal theories. Hensley teaches that "[w]here a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." Id. at 440, 103 S.Ct. at 1943.
 
 
 7
 Moreover, "the district court should focus on the significance of the overall relief obtained ... in relation to the hours reasonably expended on the litigation." Id. at 435, 103 S.Ct. at 1940. On remand, this relationship is precisely what the district court focused on. The court considered the degree of success in relation to the ultimate award of fees and found a reasonable relationship between the extent of that success and the amount of the award. Because the district court clearly and concisely explained the grounds for its decision, we conclude that it did not abuse its discretion in awarding fees.[3]
 
 
 8
 Appellants also contend that the amount of the attorney's fee award is excessive because the amount of damages awarded by the jury, viz., $33,350, is relatively small in comparison to the attorney's fee award. The legislative history of section 1988 demonstrates that its purpose is to ensure "effective access to the judicial process." Id. at 429, 103 S.Ct. at 1937 (quoting H.R.Rep. No. 1558, 94th Cong., 2d Sess. 1 (1976)). The amount of fees awarded should "not be reduced because the rights involved may be non-pecuniary in nature." Id. at 430 n. 4, 103 S.Ct. at 1938 n. 4 (quoting S.Rep. No. 1011, 94th Cong., 2d Sess. 6 (1976), reprinted in 1976 U.S.Code Cong. & Ad.News 5908, 5913). The legislative history therefore lends no support to the proposition that there need be a relationship between the amount of damages awarded to the prevailing party and the amount of attorney's fees awarded.
 
 
 9
 Appellants finally contend that the district court did not review the record to see if the award was justified. This contention is meritless. The district court stated at oral argument in October 1983 that should the appellants be correct in their assertion that the award was not supported by the record, the court would "probably need another hearing." The statement indicated that the court intended to review the record to be sure that its decision was properly supported. The court's extensive findings of fact and conclusions of law indicate that it thoroughly reviewed the record.
 
 
 10
 In short, the district court correctly applied the necessary criteria to justify the attorney's fees awarded and explained the reasons for the award clearly and concisely. As required by Hensley, the district court adequately discussed the extent of the plaintiffs' success and its relationship to the amount of the attorney's fees awarded. 461 U.S. at 437, 103 S.Ct. at 1941. The award is well within the discretion of the district court.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 3(f)
 
 
 [1]
 The twelve Kerr factors are:
 (1) The time and labor required;
 (2) The novelty and difficulty of the questions;
 (3) The skill requisite to perform the legal service properly;
 (4) The preclusion of employment by the attorney due to acceptance of the case;
 (5) The customary fee;
 (6) Whether the fee is fixed or contingent;
 (7) Time limitations imposed by the client or the circumstances;
 (8) The amount involved and the results obtained;
 (9) The experience, reputation, and ability of the attorneys;
 (10) The undesirability of the case;
 (11) The nature and length of the professional relationship with the client;
 (12) Awards in similar cases.
 Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir.1975), cert. denied, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976). These guidelines were initially presented in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir.1974), and derive directly from the American Bar Association Code of Professional Responsibility, Disciplinary Rule 2-106.
 
 
 [2]
 The district court did, in fact, consider most of the Kerr factors specifically in its findings of facts and conclusions of law (i.e., factors 1, 2, 3, 5, 8, 9, 10, and 11). The appellants concede that, under the law of the Ninth Circuit, the district court is not required to respond to each of the factors enumerated
 
 
 [3]
 The district court on remand reduced the original request by the amount of costs not contemplated under section 1988 and did not apply the multiplier requested by the appellees. The court stated that perhaps a multiplier should have been applied in light of the exceptional job the prevailing attorneys did, but again failed to do so after considering the case as a whole. Use of a multiplier may be appropriate where "the results obtained ... represent a significant achievement." White v. City of Richmond, 713 F.2d 458, 461 (9th Cir.1983). The court's decision not to apply the multiplier is another indication that the district court carefully balanced the appropriate factors in awarding attorney fees