Linda GORELANGTON, individually and as Administratrix of the Estate of Verl Welker Draney, decedent; Judith Kaspian; Lucille Caine, guardian ad litem of Eric Draney, and Melody Draney, guardian ad litem of Karina Draney, Plaintiffs,

v.

CITY OF RENO, a Municipal corporation acting By and Through the CITY OF RENO COUNCIL OF COUNCILPERSONS, Barbara Bennett, Janice Pine, Florence Lehners, Peter Sferrazza, Dick Scott, Joe McClelland and Jim Thornton, individually and in their official capacities as councilpersons of the City of Reno, Nevada, Robert Bradshaw, individually and in his official capacity as Chief of Police for the City of Reno, and Lieutenant David Haneline, in his capacity as officer in charge for the City of Reno Jail, Two Unknown Jailers, Individually and in their official capacities as employees of the City of Reno Police Department, and Officer G. Bozich and Sergeant Thompson, individually and in their official capacities as employees of the City of Reno Police Department, Defendants.

No. CV–R–82–414–ECR.

United States District Court, D. Nevada.

May 28, 1986.

On Plaintiff's Motion for Costs June 6, 1986.

Lawrence J. Semenza, Reno, Nev., for plaintiffs.

Robert A. McQuaid, Reno, Nev., for defendants.

## ORDER

EDWARD C. REED, Jr., District Judge.

■ Twelve named defendants have applied for taxation of costs pursuant to Fed. R.Civ.P. 54(d). Their Bill of Costs itemizes $500.00 as the fee of expert witness Stephen V. Savran, M.D., $107.70 for costs incident to the taking of two depositions, and $435.70 for travel expenses in connection with the deposition of Mr. Chris Cherches in Wichita, Kansas. The defendants contend that they are the prevailing parties. The jury's verdicts were in favor of all the ten individual defendants who went through trial. Sergeant Thompson was dismissed at the start of trial. A $50,000 verdict in favor of Linda Gorelangton in her capacity of administratrix of the estate of decedent and against defendant City of Reno was nullified as to post-offer costs, it is urged, by an earlier Fed.R.Civ.P. 68 offer of judgment in the same sum of $50,000.

The plaintiffs have opposed the defendants' application for costs on the ground that the $50,000 verdict (and following judgment) was more favorable than the offer of judgment because the offer included costs then accrued. Such costs are comprised of attorney fees and costs recoverable under 42 U.S.C. § 1988 and Fed.R. Civ.P. 54(d), according to the plaintiffs. In addition, the administratrix successfully moved to have prejudgment interest included in an amended judgment, so that it now exceeds $50,000 on its face. Thus, Rule 68's provisions re costs in the case of an offer of judgment are inapplicable here, in the plaintiffs' estimation.

The plaintiffs' position is correct as to the offer of judgment. The verdict in favor of the administratrix and the judgment obtained thereon is more favorable than the defendants' offer. *See Marek v. Chesny,* — U.S. —, 105 S.Ct. 3012, 3017--18, 87 L.Ed.2d 1 (1985). Therefore, Rule 68's provisions as to post-offer costs are inapplicable here.

All the individual defendants were prevailing parties as against all the plaintiffs. Defendant City of Reno was a prevailing party as against four of the plaintiffs, although it did not prevail against the administratrix. Prevailing defendants are entitled to costs pursuant to Rule 54(d). *Kentucky v. Graham,* — U.S. —, 105 S.Ct. 3099, 3105 n. 9, 87 L.Ed.2d 114 (1985).

■ Where neither side has completely prevailed, the district court has broad discretion in apportioning costs. *Economic Laboratories, Inc. v. Donnolo,* 612 F.2d 405, 411 (9th Cir.1979). However, the first step is to determine which expenses are taxable as costs.

■ The fees of an expert witness may be taxed where his testimony was material to an issue tried and reasonably necessary to its disposition. *United California Bank v. THC Financial Corp.,* 557 F.2d 1351, 1361 (9th Cir.1977). It is a matter of ascertaining the reasonable needs of the party or parties calling the expert witness, in the context of the litigation.

*Thornberry v. Delta Air Lines, Inc.,* 676 F.2d 1240, 1245 (9th Cir.1982), *vac. on oth. gds.* 461 U.S. 952, 103 S.Ct. 2421, 77 L.Ed.2d 1311 (1983). The testimony of Dr. Savran was very important to the defendants, in that it bore on the question whether they had wronged the decedent. Also, the amount of the fee was reasonable, being $500 for three hours of the Doctor's time; half was spent in preparation and the other half at trial.

■ The $107.70 in costs incident to depositions applied for by the defendants consist of one copy of each of the depositions of witnesses Barnabee Hernandez and Chris Cherches. Both were used at the trial, the transcripts being read to the jury because the witnesses themselves were not present. The expense of copies of depositions reasonably necessary to the litigation of the case may be allowed as costs pursuant to 28 U.S.C. § 1920. *Ramos v. Lamm,* 713 F.2d 546, 560 (10th Cir.1983). The amounts were reasonable. They shall be taxed as allowable costs.

■ Counsel for the defendants has documented $435.70 in travel expenses necessitated by the taking of the deposition of Chris Cherches, former city manager of the City of Reno, in Wichita, Kansas. It appears to the Court that Mr. Cherches had promised the plaintiffs' attorney that he would appear in court voluntarily to testify. He then moved to Wichita. The Court, on the plaintiffs' motion, reopened discovery and authorized the deposition to be taken during a weekend recess of the trial. Its use at the trial was important, particularly on the issues relating to City policy and practice. The $435.70 was a reasonable amount. This type of expense normally is billed by an attorney to his fee-paying clients; under the circumstances it is appropriate and equitable to allow it as a taxable cost. *See Thornberry v. Delta Air Lines, Inc., supra* at 676 F.2d 1244; *International Woodworkers of America v. Donovan,* 769 F.2d 1388, 1392 (9th Cir. 1985).

Five plaintiffs (including Linda Gorelangton twice because she sued both individually and as an administratrix) and twelve defendants are involved in the instant defendants' application for costs. Sergeant Thompson's dismissal made him the prevailing party as to all five plaintiffs. Fifty-five verdicts were returned, of which fifty-four favored the defendants. Only defendant City of Reno did not prevail against all five plaintiffs. However, it was the prevailing party as against four of them. From the points of view of the defendants, they all had approximately equal needs for the items and services obtained by the expenditures here in question. Therefore, the Court feels it proper to allow the defendants 59/60ths of the $1,043.40 in costs they have claimed. This amounts to $1,026.01. Each plaintiff other than Linda Gorelangton in her administratrix capacity shall be liable for 12/60ths of the costs claimed, or $208.68. Said administratrix plaintiff shall be liable for 11/60ths, or $191.29.

IT IS, THEREFORE, HEREBY ORDERED that costs totalling the sum of $1,026.01 be allowed defendants City of Reno, Robert Bradshaw, David Haneline, Officer G. Bozich, Sergeant Thompson, Barbara Bennett, Janice Pine, Florence Lehners, Peter Sferrazza, Dick Scott, Joe McClelland and Jim Thornton.

IT IS FURTHER ORDERED that plaintiffs Linda Gorelangton, individually, Judith Kaspian, Lucille Caine, as guardian ad litem of Eric Draney, and Melody Draney, as guardian ad litem of Karina Draney, shall each be responsible for $208.68 of said costs.

IT IS FURTHER ORDERED that plaintiff Linda Gorelangton, as administratrix of the Estate of Verl Welker Draney, decedent, shall be responsible for the remaining $191.29 of the costs.

## ON PLAINTIFF'S MOTION FOR COSTS

Plaintiff Linda Gorelangton, in her capacity as Administratrix of the Estate of Verl Welker Draney, decedent, has applied for costs, including attorneys' fees, against defendant City of Reno. (Ms. Gorelangton, as Administratrix, will hereinafter be referred to as Administratrix). 42 U.S.C. § 1988 provides that in an action to enforce 42 U.S.C. § 1983 "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fees as part of the costs."

The action was brought by five plaintiffs (two daughters and two grandchildren of the decedent, in addition to the Administratrix) against fourteen defendants. Three of the defendants were dismissed at the start of trial. The jury returned verdicts in favor of all the remaining defendants, except for the City of Reno, against all five plaintiffs. It found in favor of the City of Reno against four of the plaintiffs. However, it awarded $50,000 to the Administratrix against the City of Reno, based on the City's violation of the decedent's civil rights. Subsequently, on motion of the Administratrix, the Court ordered the $50,000 judgment it had entered on January 31, 1986, to be amended to add prejudgment interest at the rate of 12% per annum from the date of service of the complaint until the date of entry of judgment. The Administratrix has computed the prejudgment interest to total $17,358.90. The Court's own computation is slightly less. Service was effected March 14, 1983. Therefore, a period of two years, ten months and seventeen days elapsed between the date of service and the date of judgment. At 12% per annum, the $50,000 accrued $17,032 in prejudgment interest during that time.

Other than attorney's fees, the costs claimed by the Administratrix total $9,888.51. The sequence in which they are listed in her Bill of Costs will be followed in this discussion. The Clerk's fee for the filing of the Complaint was $60.00. It is the same regardless of the number of parties. The fee is taxable pursuant to 28 U.S.C. § 1920.

Service of subpoenas on witnesses to require their appearance at trial cost $346.00. § 1920 authorizes taxation of marshal fees as a cost. Nowadays, the

U.S. Marshal does not serve process except for certain parties, e.g., the United States or a person proceeding in forma pauperis. Therefore, the employment of a paid process server is reasonably necessary. Further, such an expense of litigation normally is billed to a fee-paying client. The courts recognize these factors as making the expense taxable under 42 U.S.C. § 1988. *Thornberry v. Delta Air Lines, Inc.*, 676 F.2d 1240, 1244 (9th Cir.1982), *vac. on other. gds.* 461 U.S. 952, 103 S.Ct. 2421, 77 L.Ed.2d 1311 (1983); *Ramos v. Lamm*, 713 F.2d 546, 559 (10th Cir.1983); *Laffey v. Northwest Airlines, Inc.*, 746 F.2d 4, 30 (D.C.Cir.1984); *see also Int'l Woodworkers of America v. Donovan*, 769 F.2d 1388, 1392 (9th Cir.1985). The persons subpoenaed all appeared to have information important to the Administratrix' case. Therefore, the entire $346.00 will be allowed.

■ The next item on the Bill of Costs is $12.50 for court reporter fees. The charge was for a partial transcript of testimony of a key witness, Steven V. Savran, M.D. It was used in the Administratrix' behalf, and is taxable under 28 U.S.C. § 1920.

■ $1049.48 is claimed for photocopies, photographic work and copies of City of Reno records. The City records cost $10.75 and are allowed as necessary to the Administratrix' case and the kind of expense ordinarily passed on to a fee-paying client. The photography expenditures totalled $556.73. The photographs themselves were of the interior of the Reno City Jail and of the autopsy of the decedent. They were offered during the presentation of the Administratrix' case, and were listed in the Stipulated Pretrial Order as exhibits that would be offered at trial. However, only three of the photographs were admitted into evidence. One-half of the total photographic costs, that is $228.37. will be allowed.

■ Reasonable photocopying expenses that normally are billed separately to a fee-paying client may be recovered as a § 1988 costs. *Thornberry v. Delta Air Lines, Inc., supra* at 676 F.2d 1244. To the extent that such costs ordinarily are absorbed as part of the law firm's overhead, they should not be allowed. *Ramos v. Lamm, supra* at 713 F.2d 559. The Administratrix has broken out $9.45 for the actual cost of photocopies made at law libraries. Otherwise, she asks twenty-five cents per copy. At that rate she has asked $45.00 for the complaint, $22.25 for interrogatories, $239.00 for trial exhibits, $39.50 for medical reports, $101.00 for research and $45.25 for client copies. Defendant City of Reno has objected to the taxation of the expense of photocopies that were for counsels' convenience and, therefore, not reasonably necessary. Also, it considers twenty-five cents per copy to be unreasonable, and suggests that ten cents is more realistic. The City also asks for apportionment of costs, in that only one of five plaintiffs prevailed over one of fourteen defendants.

■ Twenty-five cents per photocopy is a normal charge in this area by law firms that itemize separately for photocopies when billing their fee-paying clients. The great majority of law firms do charge specifically for photocopies. Therefore, the twenty-five cents per copy claimed by the Administratrix will not be reduced. Likewise, an efficient law firm does not stint on a minor item like photocopies in litigating a case. It could prove to be penny-wise and pound-foolish. The matters photocopied by the Administratrix' counsel were reasonably necessary to her case and the quantities also were within reason. The photocopying expense fits within the reasonable out-of-pocket expenses incurred by an attorney in furnishing effective and competent representation. It is includable in the concept of attorney fees authorized by 42 U.S.C. § 1988. *Thornberry v. Delta Air Lines, Inc., supra* at 676 F.2d 1244. However, apportionment of costs is appropriate where a party has not completely prevailed. *Economics Laboratory, Inc. v. Donnolo*, 612 F.2d 405, 411 (9th Cir.1979). Here, the itemized expenses were for all five plaintiffs and not just for the single prevailing Administratrix. Also, those expenses were

incurred in connection with the unsuccessful pendent state claims, as well as the successful federal civil rights claim. Finally, these litigation costs arose from the lawsuit against all fourteen defendants, and not just the City of Reno. To the extent the same preparation would have been needed for the successful action by the Administratrix against the City of Reno, there need be no reduction because of the claims in which the plaintiffs did not prevail. *See Cinevision Corp. v. City of Burbank,* 745 F.2d 560, 581 (9th Cir.1984). The *Cinevision* opinion dealt with attorney fees per se but, as discussed above, the expense of photocopies is includable within the concept of § 1988 attorney fees. After having read all the files and having heard motions and having presided over the trial, the Court finds that 50% of the photocopy expenses incurred by the Administratrix' attorneys were directed solely toward claims for relief in which she did not prevail. Therefore, the $501.45 in photocopy costs will be reduced one-half, and the remaining $250.73 will be allowed.

■■■ $6,832.84 for fees for witnesses is the next item in the Administratrix' Bill of Costs. Of the twenty-five persons whose per diems and mileage costs were advanced by her counsel for their serving as witnesses, only one did not testify. He was Sgt. H. Thompson. Sgt. Thompson had been named as a defendant in the Amended Complaint, but was dismissed at the start of trial. 28 U.S.C. § 1920 specifies that fees and disbursements for witnesses may be taxed as costs. 28 U.S.C. § 1821(a) mandates that "a witness in attendance at any court of the United States" shall be paid witness fees and allowances. Thus, there is no statutory requirement that the witness testify before becoming entitled to the fees. The Court chooses to follow those authorities which allow as costs statutory fees paid to potential witnesses who do not actually testify at trial; the test is whether the prevailing party's counsel exercised good faith and reasonable judgment in determining that a person would be needed as a witness. *Quy v. Air America, Inc.,* 667 F.2d 1059, 1065 (D.C.Cir.1981);

*Independence Tube Corp. v. Copperweld Corp.,* 543 F.Supp. 706, 722 (N.D.Ill.1982); *cf.* 10 Wright, Miller & Kane, Fed. Prac. & Proc. § 2678. The $31.50 paid to Sgt. Thompson will be allowed as a taxable cost.

■■ All of the non-expert witnesses who testified did provide evidence relevant to the Administratrix' successful civil rights claim for relief. The $31.50 advanced to each of them ($30.00 in the case of Barnabee Hernandez for his deposition) will be allowed.

■■■ Civil rights cases are somewhat anomalous in that the plaintiff's counsel usually requires the assistance of experts in order to properly present the case. *Berry v. McLemore,* 670 F.2d 30, 34 (5th Cir. 1982). Therefore, even though there is no specific statutory authorization for recovery of an expert's fees and expenses as costs, their taxation lies within the trial court's discretion. *Id; Heverly v. Lewis,* 99 F.R.D. 135, 137 (D.Nev.1983); *Thornberry v. Delta Air Lines, Inc., supra* at 676 F.2d 1245. In exercising this discretion, the practical litigation needs of the party in the context of the litigation must be looked at. *Id.* The testimony of all the expert witnesses called by the Administratrix, namely Dr. Brad Fisher, Kathleen Fogarty, Jacob Malin, M.D., Kent A. Moore, M.D., and Harry W. Weigel, M.D., was material to issues that she had to prove and was reasonably necessary for her to prevail. Their fees and expenditures, therefore, are recoverable as costs. *United California Bank v. THC Financial Corp.,* 557 F.2d 1351, 1361 (9th Cir.1977).

■■■ Dr. Fisher's total bill was $4,846.84. His place of business and home are in North Carolina. He was present in court on January 17, 1986, but returned home only to return to Reno again to testify on January 21st. Nothing has been shown to contradict defendant City of Reno's contention that Dr. Fisher's return home was for his own convenience. Costs incurred mainly for the convenience of a witness are not recoverable. *See Oetiker v. Jurid Werke, GmbH,* 104 F.R.D. 389,

392 (D. D.C.1982). Therefore, the $664.00 cost of one round-trip by air and $600.00 in travel time (10 hours × $60/hr.) will not be allowed. Subtracting this $1,264.00 from the total bill leaves $3,582.84 as taxable costs for Dr. Fisher's services. The $407.50 charge of Kathleen Fogarty, the $150.00 fee for Dr. Malin, the $300.00 bill of Dr. Moore, and the $500.00 fee of Dr. Weigel are all allowed without reduction as reasonable.

■■■■ $68.25 for fees for exemplification and copies of papers necessarily obtained for use in the case is the next item in the Administratrix' Bill of Costs. Taxation of the same is authorized by 28 U.S.C. § 1920. It will be taxed.

Costs incident to taking depositions, in the sum of $1,409.66, are next claimed. Only two depositions were taken. Both were read to the jury. One deposition was of Barnabee Hernandez. The total costs claimed by Plaintiff for his deposition are $352.00. Of that sum, $50.00 was the reporter's per diem for the deposition scheduled for April 27, 1983. However, Mr. Barnabee did not appear. The following day he did appear; the reporter's charges were $302.00. The deposition of Chris Cherches, former city manager of Reno, was taken in Wichita, Kansas. Mr. Cherches had promised to appear in court voluntarily to testify. However, he then moved to Wichita. The Court, on motion, reopened discovery and authorized the taking of Mr. Cherches' deposition during a weekend recess of the trial. The documented travel expenses of Plaintiff's counsel consist of $82.91 for hotel and meals and $350.00 in air fare. A Reno court reporter also made the trip to Wichita, because a transcript of the deposition was required immediately when trial recommenced. The reporter charged $350.00 for air fare. Other than that his fees totalled $218.00. Thus, the reporter was paid a total of $568.00 in connection with Mr. Cherches' deposition.

■■■■ Costs for transcribing and making copies of depositions are allowed when reasonably necessary for use in the case. *Ramos v. Lamm, supra* at 713 F.2d 560;

50 ALR Fed. 472, 475, Anno: Deposition Copies—Costs; *see also Economics Laboratory v. Donnolo, supra* at 612 F.2d 411 (the court even has discretion to tax the costs of a deposition not used at trial). The reasonable travel expenses of an attorney are includable in the concept of attorney fees authorized by 42 U.S.C. § 1988, as they are necessary to the furnishing of effective representation and they normally are passed on to a fee-paying client. *Thornberry v. Delta Air Lines, Inc., supra* at 676 F.2d 1244; *see also International Woodworkers of America v. Donovan,* 769 F.2d 1388, 1392 (9th Cir.1985). Under the circumstances, the air fare of the court reporter fell into the same category. The failure of Barnabee Hernandez to appear for his deposition, although not the fault of the Administratrix, would seem to be her responsibility. It would appear unfair to charge the City of Reno the reporter's per diem for the day when Mr. Hernandez did not appear. It is enough that the City's attorney had to waste his own time.

■■■■ The deposition testimony of both Messrs. Hernandez and Cherches was directly related to the Administratrix' successful civil rights claim for relief. Therefore, it is appropriate to award the full amount of taxable costs to her. For costs incident to the taking of depositions they are comprised of $302.00 in connection with the Hernandez deposition and $1,000.91 for the Cherches deposition.

■■■■ Federal Express charges in the amount of $23.00 are the next entry on the Administratrix' Bill of Costs. It is documented, and was for a rush shipment to Dr. Fisher. This type of cost is ordinarily billed separately to a fee-paying client and is allowable as a taxable cost. *Id.* The same is true of the last item, which is long distance charges. *Id.; Thornberry v. Delta Air Lines, Inc., supra* at 676 F.2d 1244. $86.78 is claimed for such phone calls. The itemized breakdown of long distance charges totals $80.38, all of which were

relevant to the Administratrix' civil rights case. $80.38 will be allowed.

In summary, the following costs shall be taxed in favor of the Administratrix and against defendant City of Reno:

| | |
|---|---|
| Clerk fee | $ 60.00 |
| Service fees | 346.00 |
| Court reporter fees | 12.50 |
| Copies of City records | 10.75 |
| Photographic costs | 228.37 |
| Photocopies | 250.73 |
| Witness fees | 5,600.34 |
| Exemplified copies | 68.25 |
| Deposition costs | 1,302.91 |
| Federal Express charges | 23.00 |
| Long distance charges | 80.38 |
| Total | $7,983.23 |

The Administratrix also has moved for an award of attorney fees pursuant to 42 U.S.C. § 1988. The hours spent on the case by three attorneys and a paralegal have been itemized. The hourly rate of attorney Lawrence J. Semenza was $100 out-of-court and $125 in-court during 1982 and 1983. It increased to $125 out-of-court and $150 in-court during 1984 and 1985 and $150 out-of-court and $175 in-court during 1986. The hourly rate for attorney Sara Beth Brown, an associate of Mr. Semenza, was $85 out-of-court and $100 in-court during 1982 and 1983. For associate attorney G. David Robertson it was $100 per hour both out-of-court and in-court during 1985 and 1986. The hourly rate for paralegal Valerie Grubic was $40 in 1982, 1983 and 1984 and $50 in 1985 and 1986. Multiplying the hours by the applicable hourly rate, the Administratrix arrives at a "lodestar" amount of $40,958.75. In order to compensate for the long delay in receiving compensation, she suggests that the attorney fee be enhanced by applying the 1986 hourly rates to all the hours expended on the case through the years. This would result in a $43,021.25 figure. She also urges that a multiplier of 1.5 be applied in light of "the exceptional success of the case, its undesirability and the risks involved." Thus, the Administratrix' motion is for attorney fees in the sum of $64,531.88.

Defendant City of Reno has opposed the motion. It points out that an offer of judgment in the amount of $50,000.00, including costs then accrued, was served on the plaintiffs November 25, 1985. The offer was declined. Since the jury verdict was for $50,000.00, the City feels that attorney fees should not be awarded for post-offer work. It notes that $12,572.50 in attorney fees had accrued up to the date of the offer of judgment, and suggests that sum as adequate compensation.

The amendment of the judgment to add prejudgment interest will result in a judgment of $67,032. In addition, the U.S. Supreme Court has held that the cost-shifting provisions of Fed.R.Civ.P. 68 ("If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer") require consideration of taxable costs and § 1988 attorney fees as part of the judgment finally obtained. *Marek v. Chesny*, — U.S. —, 105 S.Ct. 3012, 3017, 87 L.Ed.2d 1 (1985). Therefore, the attorney fees and costs here being awarded and allowed must be added to the $67,032 present judgment figure in deciding whether the judgment finally obtained is more favorable than the $50,000 (including costs then accrued) offer made. Since almost $8,000 in costs are being allowed, the Administratrix' judgment will total more than $75,000 plus attorney fees. Clearly, the judgment finally obtained by her will be more favorable than the $50,000, including costs then accrued, offered to all five plaintiffs collectively.

In order to act as an incentive for an injured party to seek judicial relief for civil rights violations, an attorney fee award should be the rule rather than the exception. *Ackerley Communications v. City of Salem, Or.*, 752 F.2d 1394, 1396 (9th Cir.1985). Therefore, a prevailing plaintiff ordinarily should recover an attorney's fee unless special circumstances would render such an award unjust. *Id.; Kentucky v. Graham*, — U.S. —, 105 S.Ct. 3099, 3104, 87 L.Ed.2d 114 (1985).

The Administratrix is a prevailing party. She succeeded in proving that the decedent's civil rights had been violated by defendant City of Reno, which was the most significant issue in litigation. *See Rivera v. City of Riverside,* 763 F.2d 1580, 1582 (9th Cir.1985); *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). A useful starting point in determining the amount of a reasonable fee is to multiply the number of hours reasonably expended on the successful litigation by a reasonable hourly rate. *Id.; Webb v. Board of Educ. of Dyer County,* 471 U.S. 234, 105 S.Ct. 1923, 1928, 85 L.Ed.2d 233 (1985); *White v. City of Richmond,* 713 F.2d 458, 460 (9th Cir.1983). Paralegal fees for work traditionally done by attorneys may be included. *Morgan v. Nevada Bd. of State Prison Com'rs,* 615 F.Supp. 882, 885 (D.Nev.1985).

The Ninth Circuit requires a dozen other factors or guidelines to be considered in determining what is a reasonable fee. These are known as the *Kerr* factors, from the landmark case of *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975). Only those that are applicable to the circumstances of the case need be given weight. *Hamner v. Rios,* 769 F.2d 1404, 1407 (9th Cir.1985).

One of the factors is the customary fee. If an amount couldn't reasonably be billed to a fee-paying client, it should not be charged to the adversary. *See Hensley v. Eckerhart, supra* at 461 U.S. 434, 103 S.Ct. 1939. This lawsuit sought only monetary damages. Further, there was an agreement between the plaintiffs and their counsel that the plaintiffs would not be responsible for any fee if the case was lost. Thus, the attorneys placed at risk their expenditures of time and costs advanced. Nevertheless, the amount of contingency fee set by agreement between an attorney and his client is not the upper limit of the reasonable attorney's fee that is to be awarded by a court under 42 U.S.C. § 1988. *Hamner v. Rios, supra* at 1408. In an ordinary case, a contingency agreement calling for the attorneys to receive one-third of the amount recovered after trial is common in this area. However, where a greater risk factor exists, the agreement may well call for 40% or, in an extreme case, 50% of the amount collected. Here the basis for calculation would be $67,032, the total of the damages awarded by the jury and prejudgment interest. (Costs generally are recouped first by the attorney before the agreed percentage rate is applied to the remainder of the recovery). Civil rights cases by their very nature often do involve a greater risk of failure. It has been pointed out in the motion papers that the decedent apparently acted irrationally at the time of his arrest, that he had a heart condition that impacted on the quality of his life and its expectancy, that the credibility of the only eyewitness might well be suspect in the eyes of the jurors, and that some jurors might be less liberal in awarding damages against the City because their tax payments pay the City's obligations. In any event, the one-third, 40% and 50% rates would result in attorney fees of approximately $22,345, $26,815 and $33,515 respectively.

The foregoing discussion of contingency fees has particular relevance to a motion for fees pursuant to § 1988, because the extent of a plaintiff's success is a crucial factor; an award should be reasonable in relation to the results obtained. *See Rutherford v. Pitchess,* 713 F.2d 1416, 1421–22 (9th Cir.1983); *White v. City of Richmond, supra* at 713 F.2d 461; *Marek v. Chesney, supra* at 105 S.Ct. 3018. Although the Administratrix has obtained a judgment for $67,032 after trial, an offer of $50,000 had been made at a time when only $12,572.50 in attorney fees had been earned (multiplying the hours expended by reasonable hourly rates). Thus, an additional $28,586.25 ($40,958.75—$12,572.50) is claimed as a lodestar amount of attorney fees for post-offer of judgment work that resulted in an addition of only $17,032 to the amount of judgment. The breakdown of hours expended by the Administratrix' attorneys reveals that attorney Robertson devoted 21.2 hours to the issues of prejudg-

ment interest and attorney fees. $100 per hour is alleged to have been a reasonable rate for him. It could be argued, therefore, that only $14,692.50 ($12,572.50 + $2,120.00) of the lodestar amount claimed directly benefited the Administratrix. This reasoning is superficial, however, and is presented merely to demonstrate that the determination of a reasonable attorneys' fee is not a matter of following bright-line guidelines to a black-and-white result. First of all, the offer of judgment figure included costs then accrued, so that the amount of those costs are an additional benefit to the Administratrix of going to trial. Second, the jury verdict served to vindicate the decedent, which is an important, although intangible, result of the trial. Third, the City of Reno has changed its medical screening procedures in its jail, largely because of this litigation. Fourth, the offer of judgment was directed to all five plaintiffs. The Administratrix would have had to share with her co-plaintiffs. This she need not do with the judgment based on the jury verdict solely in her favor.

On the other hand, this was not an undesirable case as civil rights cases go. The plaintiffs' attorneys did not face any danger of public ridicule or condemnation because of their appearance in this case. They do not figure to lose any other clients who might resent the side they took as to the social and philosophical issues involved. *See Harmon v. San Diego County,* 736 F.2d 1329, 1331 (9th Cir.1984).

The original Complaint herein was filed December 30, 1982. Now, almost three and one-half years later, neither the Administratrix nor her attorneys have collected the first cent of what they have been found to be entitled to as compensation. The Administratrix will be made whole by prejudgment (and postjudgment) interest. As to attorney fees, it has been recognized that the effects of inflation and loss of use of funds over the years may be mitigated by using current hourly rates for all the hours expended by the attorneys on the case from its inception. *See Burgess v. Premier Corp.,* 727 F.2d 826, 841 (9th Cir.

1984); *In re Ampicillin Antitrust Litigation,* 81 F.R.D. 395, 402 (D. D.C.1978). Application of this factor would increase the lodestar amount herein by $2,062.50, using the Administratrix' figures.

▉ The application for attorneys' fees asks that a 1.5 multiplier be applied in enhancement of the award by reason of the undesirability of the case, the risks of failure, and the exceptional success obtained. As discussed above, the case was not that undesirable. On the other hand, the risks of failure were substantial in light of the decedent's bizarre behavior and physical condition and the difficulty of proof. The result obtained normally will be taken into account in applying the other factors used to calculate a reasonable fee. *Blum v. Stenson,* 465 U.S. 886, 900, 104 S.Ct. 1541, 1549, 79 L.Ed.2d 891 (1984). Enhancement of otherwise reasonable hourly rates should occur only in rare cases where the results obtained represent a significant achievement. *Rivera v. City of Riverside, supra* at 763 F.2d 1582 n. 3; *White v. City of Richmond, supra* at 713 F.2d 458; *Hall v. Bolger,* 768 F.2d 1148, 1151 (9th Cir. 1985). Any novelty or complexity of the issues presumably are reflected in the hours expended and the hourly rates claimed; the burden is on the fee applicant to show that the quality of service was superior to what one reasonably would expect in light of the hourly rates and that the success was "exceptional." *Blum v. Stenson, supra* at 465 U.S. 898–99, at 104 S.Ct. 1548–49. The Court has presided over a number of trials wherein civil rights plaintiffs have lost or achieved very limited success. Therefore, it can appreciate the superb job done by the Administratrix' attorneys in the face of a vigorous defense by a formidable adversary. Nevertheless, it has not been shown that this is one of those rare cases where an enhancement multiplier should be utilized.

▉ In addition to the civil rights claim for relief, the plaintiffs asked damages for claims sounding in the torts of false arrest and imprisonment, wrongful

death, intentional infliction of emotional distress, negligence and misfeasance. With five plaintiffs and eleven defendants going through trial, the jury reached fifty-five verdicts. Fifty-four of them were in favor of defendants. This has a bearing on the results obtained factor in determining a reasonable attorneys' fee. It is true even where the plaintiffs' claims were interrelated, nonfrivolous and raised in good faith. *Hensley v. Eckerhart, supra* at 461 U.S. 436, at 103 S.Ct. 1941. The Court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. *Id.* at 436–37, at 103 S.Ct. 1941. What is important is that there be a relationship between the results obtained and the fees awarded. *Rutherford v. Pitchess, supra* at 713 F.2d 1422. The award should be reduced where any of the plaintiffs failed to prevail on claims that were unrelated to the civil rights claim on which the Administratrix succeeded. *See White v. City of Richmond, supra* at 713 F.2d 461. In construing § 1988, unrelated claims are to be treated as if they were raised in separate lawsuits; therefore no fee may be awarded for services in prosecuting an unsuccessful unrelated claim. *Hensley v. Eckerhart, supra* at 461 U.S. 435, at 103 S.Ct. 1940.

■ The main thrust of this lawsuit was to establish the deprivation of the decedent's civil rights while he was held in the City Jail as a pretrial detainee. Each plaintiff sought to establish his or her own damages resulting therefrom. For example, some emphasis was placed on the loss to the decedent's grandchildren caused by his untimely demise. Also, effort was expended in attempting to demonstrate that there wasn't sufficient probable cause to arrest the decedent in the first place. The Administratrix' lawyers acknowledge that they spent some time drafting pendent portions of the Complaint and Amended Complaint, preparing for and arguing a Rule 50(a) motion directed to a pendent claim, and preparing jury instructions for the pendent claims.

The final determination of what is a reasonable attorneys' fee for the successful prosecution of the Administratrix' successful civil rights claim against the City of Reno involves more art than science. The Court does not pretend that the amount it awards has been ascertained with mathematical exactitude. All of the factors it has discussed above have been considered. The Court is persuaded that both the hours and the hourly rates claimed in the moving papers are reasonable. The fact that some claims for relief based on the same operative facts were unsuccessful is not a major consideration. However, when it is realized that the defendants prevailed on fifty-four out of fifty-five jury verdicts and that three defendants named in the Amended Complaint for all six claims for relief won dismissals, it becomes apparent that even the lodestar amount claimed by the Administratrix ($40,958.75) must be reduced significantly. The Court will allow an attorneys' fee in the sum of $20,000.00 as part of the costs, pursuant to 42 U.S.C. § 1988.

IT IS, THEREFORE, HEREBY ORDERED that an amended judgment shall be entered in favor of plaintiff Linda Gorelangton, as Administratrix of the Estate of Verl Welker Draney, decedent, and against defendant City of Reno in the sum of $67,032.00 (comprised of $50,000.00 in compensatory damages and $17,032.00 in prejudgment interest).

IT IS FURTHER ORDERED that said amended judgment shall provide for costs taxed in favor of said plaintiff and against said defendant in the sum of $27,983.23 (comprised of $20,000.00 as a reasonable attorneys' fee and $7,983.23 in other costs).

IT IS FURTHER ORDERED that the original judgment entered herein on January 31, 1986, remain unchanged in any other respect.